CITY OF NORWICH *v.* GUERSON R. SILVERBERG
(12775)

CITY OF NORWICH *v.* RICHARD N. ZIFF
(12776)

PETERS, C. J., SHEA, CALLAHAN, NOVACK and HAMMER, Js.

Argued May 7—decision released July 8, 1986

*Alan E. Lieberman,* with whom, on the brief, was *Robert J. Cathcart,* for the appellant (defendant in the first case).

*Joseph F. Skelley, Jr.,* with whom, on the brief, was *Arthur A. Palmunen,* for the appellant (defendant in the second case).

*Wesley W. Horton,* with whom were *David T. Ryan* and, on the brief, *Susan M. Cormier* and *Thomas A. Young,* for the appellee (plaintiff in both cases).

PETERS, C. J. The sole issue on this appeal is a determination of the scope of the indemnification provisions of General Statutes § 7-101a. The plaintiff, the city of Norwich, brought suit against the defendants, Richard N. Ziff and Guerson D. Silverberg, for legal malpractice. Ziff was corporation counsel to the plaintiff and Silverberg was assistant corporation counsel. In its malpractice action, the plaintiff complained that the defendants had provided inadequate representation in litigation involving a disputed tax assessment.[1] Each defendant answered by denying the plaintiff's allegations and by filing a counterclaim demanding reimbursement from the plaintiff under General Statutes § 7-101a[2] for any amount that the court might order the

---

[1] Appeals involving this underlying controversy have twice come before this court. *Norwich* v. *Lebanon,* 200 Conn. 697, 513 A.2d 77 (1986); *Norwich* v. *Lebanon,* 193 Conn. 342, 477 A.2d 115 (1984).

[2] "[General Statutes] Sec. 7-101a. PROTECTION OF MUNICIPAL OFFICERS AND FULL-TIME MUNICIPAL EMPLOYEES FROM DAMAGE SUITS. REIMBURSEMENT OF DEFENSE EXPENSES. LIABILITY INSURANCE. TIME LIMIT FOR FILMS. NOTICE. (a) Each town, city, borough, consolidated town and city and consolidated town and borough shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission, or any full-time municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties.

"(b) In addition to the protection provided under subsection (a) of this section, each town, city, borough, consolidated town and city and consolidated town and borough shall protect and save harmless any such municipal officer or full-time municipal employee from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such officer or employee while acting in the discharge of his duties. In the event such officer or employee has a judgment entered against him for such act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses it incurred in providing such defense and shall not be held liable to such officer and employee for any financial loss or expense resulting from such act.

defendants to pay as well as for all expenses incurred by the defendants as a result of the suit. The trial court granted the plaintiff's motions to strike these counterclaims. The defendants appeal from the judgments thereafter rendered against them on the counterclaims.[3]

General Statutes § 7-101a (a) requires a municipality to "protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission, or any full-time municipal employee, of such municipality from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties." The trial court, in striking the defendants' counterclaims, held that this statute requires the municipality to indemnify officers and employees only when they are sued by third parties and not when the municipality itself is the plaintiff.

On appeal, the defendants claim that the trial court erred in its judgment because § 7-101a, by its plain lan-

---

"(c) Each such municipality may insure against the liability imposed by this section in any insurance company organized in this state or in any insurance company of another state authorized to write such insurance in this state or may elect to act as self-insurer of such liability.

"(d) No action shall be maintained under this section against such municipality or employee unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."

[3] Because the trial court, in each case, struck the defendant's entire counterclaim and then rendered judgment, its actions are appealable at this time. See Practice Book § 157; *Kilbride* v. *Dushkin Publishing Group, Inc.,* 186 Conn. 718, 722–25, 443 A.2d 922 (1982); *Breen* v. *Phelps,* 186 Conn. 86, 439 A.2d 1066 (1982).

guage, applies to "any claim, demand, suit or judgment." They urge us to hold that, in cases where a municipality sues its officials for negligence, the municipality must indemnify the officials for the amount it recovers as well as for costs to the officials that arise as a result of the action. In their view, § 7-101a effectively immunizes municipal officers and employees from any liability to their municipality for negligence. We find no error in the ruling of the trial court.

We note preliminarily the procedural framework that governs our inquiry on this appeal. "It is well settled that '[w]here an appeal is taken from a judgment following the granting of a motion to strike, we take the facts to be those alleged in the [appellant's pleadings] construed in a manner most favorable to the pleader. *Sheets* v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 472, 427 A.2d 385 [1980]; *Stradmore Development Corporation* v. *Commissioners,* 164 Conn. 548, 550–51, 324 A.2d 919 [1973]; *Senior* v. *Hope,* 156 Conn. 92, 97, 239 A.2d 486 [1968]; *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 557, 227 A.2d 418 [1967]. For purposes of appeal, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. *DeMello* v. *Plainville,* 170 Conn. 675, 677, 368 A.2d 71 [1976]; *McAnerney* v. *McAnerney,* 165 Conn. 277, 282, 334 A.2d 437 [1973]. See Practice Book, 1978, § 151.' *Amodio* v. *Cunningham,* 182 Conn. 80, 82–83, 438 A.2d 6 (1980)." *Mead* v. *Burns,* 199 Conn. 651, 655, 509 A.2d 11 (1986). Accordingly, in this case, we must assume that the defendants were, as they have alleged, municipal officers who qualified for whatever protection § 7-101a provides. The only question before us is whether that statute affords indemnity to municipal officers whom the municipality itself sues for negligence.

Well-established principles of statutory construction govern our analysis of § 7-101a. Our objective is to con-

strue the language of the section so as to give effect to the apparent intent of the legislature. *State* v. *Kozlowski,* 199 Conn. 667, 673, 509 A.2d 20 (1986); *Hayes* v. *Smith,* 194 Conn. 52, 57, 480 A.2d 425 (1984); 2A Sutherland, Statutory Construction (4th Ed. Sands 1984) § 45.05. In our pursuit of that objective, we look to the language of the statute itself, its legislative history, and previous judicial construction. *State* v. *Kozlowski,* supra, 673–74; *DeFonce Construction Corporation* v. *State,* 198 Conn. 185, 187, 501 A.2d 745 (1985); *State* v. *Parmalee,* 197 Conn. 158, 161, 496 A.2d 186 (1985). Mindful of inherent statutory interrelationships, furthermore, we endeavor "to read the statute as a whole and so as to reconcile all parts as far as possible." *Grodis* v. *Burns,* 190 Conn. 39, 44, 459 A.2d 994 (1983); see also *P. X. Restaurant, Inc.* v. *Windsor,* 189 Conn. 153, 159–60, 454 A.2d 1258 (1983); *Connecticut Theatre Foundation, Inc.* v. *Brown,* 179 Conn. 672, 677, 427 A.2d 863 (1980).

The defendants' argument that they may rely on § 7-101a for immunity from liability to their municipal employers depends primarily on the language of subsection (a) of § 7-101a. They point out that this subsection purports to govern "any" claim of negligence and therefore argue that this unqualified coverage conclusively establishes a legislative intent that § 7-101a apply to two-party as well as to three-party indemnity claims. We are unpersuaded.

Read as a whole, § 7-101a refutes a construction affording the defendants the immunity they seek, because the section demonstrates, in its remaining subsections, that the transactions that the legislature sought to address were transactions in which an injured third person was seeking relief from a municipal employee and, indirectly, from a municipality itself. None of these subsections contemplates reimbursement

for a municipal employee who has negligently failed to discharge his duties to his municipal employer.

Subsection (c) is instructive to a reading of "any claim" that excludes the municipality itself, because this subsection authorizes municipalities to purchase insurance to cover "the liability imposed by this section." Liability insurance is designed to protect an insured from claims for damages owed to a third person, and not from losses that the insured suffers directly. *Cain* v. *American Policyholders' Ins. Co.,* 120 Conn. 645, 653, 183 A. 403 (1936); see *Alcorn Bank & Trust Co.* v. *United States Fidelity & Guarantee Co.,* 705 F.2d 128 (5th Cir. 1983); Keeton, Insurance Law (1971) § 4.8. The fact that subsection (c) speaks only to liability insurance implies that the legislature did not contemplate a need for a municipality to insure against its own losses to deal with the risk assigned to it by subsection (a). Although broader municipal insurance might well be available to provide a more extended all-risk coverage, the legislature was clearly of the view that "this section" required municipalities only to "insure against . . . liability."

Even more definitively, subsection (d) imposes procedural preconditions on municipal liability that are entirely inconsistent with the defendants' expansive interpretation of subsection (a). No municipality need indemnify a municipal officer for his losses unless the prospective claimant (1) notifies the municipality of his intention to bring suit against the municipality's officer within six months of the accrual of the cause of action, and (2) initiates suit within two years after the accrual date. Failure to comply with these procedural prerequisites affects only the right to indemnification; it does not impair a claimant's cause of action against the defendant officer himself. See *Orticelli* v. *Powers,* 197 Conn. 9, 13–14, 495 A.2d 1023 (1985); see also *Wakelee* v. *DeSanto,* 152 Conn. 44, 202 A.2d 833 (1964).

The application of § 7-101a to suits brought by municipalities would result in the anomaly of requiring municipalities to notify themselves of their intention to commence suit against their own officers. The municipality could avoid the obligation to indemnify by simply failing to file notice with itself within six months or neglecting to bring suit within two years.[4] We cannot conclude that the legislature intended § 7-101a to operate in this way. Read as a whole, § 7-101a does not apply to actions brought by municipalities against their officers or employees.

There are no previous judicial constructions of § 7-101a that point in a different direction, nor is there any illuminating legislative history to lend support to the defendants' argument that the statute was intended to shield municipal officers from liability to their own municipalities. The defendants note that a remark by Representative Kevin P. Johnston during a 1977 House debate demonstrates his belief that § 7-101a applies to suits brought by municipalities.[5] It was, how-

---

[4] Indeed, it does not appear that the plaintiff in this case filed notice with itself as required by General Statutes § 7-101a (d).

[5] Representative Johnston made his remark during the following exchange:

"Dorothy C. Goodwin: Mr. Speaker. Thank you, Mr. Speaker. Through you, a question to the proponent of the bill.

"Mr. Speaker: Please proceed.

"Dorothy C. Goodwin: Mr. Johnston, I don't [know] that whether . . . maybe you could just tell me whether this is a needless worry or not, but what about the case where one officer of a town sues another officer of a town, or one board of a town sues another board of a town, or where the municipality sues an employee, or an employee sues a municipality. What happens in such a case?

"Kevin P. Johnston: Through you, Mr. Speaker, through this amendment, and through the law, any suit brought against an employee or an officer of a community, whether he's a board member or a commission member, will be protected by that community. The bill does not specify who is doing the suing, or anything to that effect. So, that employee, or that officer, would be protected by the community, if that helps clear it up a little.

ever, a 1971 enactment that provided the language of § 7-101a (a) which the defendants claim requires indemnification when the municipality is the claimant. Representative Johnston, who was not in the legislature in 1971, made his statement six years later in support of an amendment to § 7-101a that, when enacted, left this language intact and did not involve the issue of whether the statute should apply when municipalities sue their employees and officers. The remark therefore lacks authority as a guide to our interpretation of § 7-101a on this question. *Grodis* v. *Burns,* supra, 46–47; see also *Doe* v. *Institute of Living, Inc.,* 175 Conn. 49, 63, 392 A.2d 491 (1978); *Norwalk* v. *Daniele,* 143 Conn. 85, 89, 119 A.2d 732 (1955).

Our construction of § 7-101a comports with the apparent purpose behind its enactment. The statute is designed to furnish some relief for injustice that would otherwise attend our well-established doctrine of sovereign municipal immunity. See, e.g., *Gauvin* v. *New Haven,* 187 Conn. 180, 184, 445 A.2d 1 (1982); *Tango* v. *New Haven,* 173 Conn. 203, 204–205, 377 A.2d 284 (1977). Absent such a statute, claimants injured by the misconduct of municipal officers and employees acting in the course of their official duties would be limited to recourse against individual tortfeasors. The legislature might reasonably have concluded that such limited recourse would be unfair both to the injured claimant and to the municipal officer or employee. From the point of view of the claimant, he would be confronted with a defendant who might well lack the resources to provide adequate compensation for the claimant's injuries. From the point of view of the municipal officer or employee, he would be required to shoulder ultimate

"Dorothy C. Goodwin: Through you, Mr. Speaker, one more question. This bill just covers personal liability then. Is that correct?

"Kevin P. Johnston: As I understand it, through you, Mr. Speaker.

"Dorothy C. Goodwin: Thank you. I would like to support the bill. Thank you." 20 H. R. Proc., Pt. 7, 1977 Sess., pp. 2843–44.

liability, as well as the costs of defense, for conduct that was solely beneficial to his municipal employer. To remedy these distortions that the law of sovereign immunity would otherwise impose upon the fair allocation of the risks of accident and other tortious misconduct, the legislature provided for statutory indemnification by municipalities to relieve individual municipal employees and officers of personal liability for injuries they cause, or are alleged to have caused, to third parties on behalf of their municipalities. In effect, the legislature has created a statutory analogue for the common law doctrine of respondeat superior.

The salutary purpose that § 7-101a was designed to serve does not require its extension to suits brought by municipalities against their officers. Respondeat superior has never precluded an employer from recovery against an employee whose misconduct directly injures the employer. See 2 Restatement (Second), Agency § 402. It is true that the legislature might have determined that the need to attract citizens to public service required it to go beyond respondeat superior and to provide for municipal officers and employees total immunity from liability for actions in negligence brought by their municipal employers. In our view, however, if that had been the legislature's intention, it would have been manifested by a straight-forward immunity statute rather than by the round-about system of indemnification that the defendants ask us to read into § 7-101a. We will not infer such an intention without a clearer indication of purpose than § 7-101a, read as a whole, presently expresses.

The trial court correctly held that § 7-101a applies only to suits brought by third party plaintiffs. Consequently, the court did not err in granting the plaintiff's motions to strike the defendants' counterclaims.

There is no error.

In this opinion the other justices concurred.