[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike the fifth and sixth counts of plaintiffs' amended complaint for failure to state a claim upon which relief might be granted.
In October of 1989, the plaintiffs, Reuven Rockford and Pearl Rockford, PPA Dina Rockford, initiated this action against the defendants, Hartford Hospital, Robert L. Harris, M.D., Lee I. Hoffman, M.D., David L. Brown, M.D., Alex M. Geertsma, M.D., Roberta A. DiLego, M.D., Carol Leicher, M.D., Henry Feder, M.D., seeking to recover damages for alleged medical malpractice arising from the care and treatment of their infant child Dina Rockford.
In the fifth and sixth counts of their amended complaint of November 2, 1989, the plaintiffs Reuven Rockford and Pearl Rockford, in their individual capacity, claim that they have suffered and will continue to suffer psychological, physiological and emotional distress as a result of the defendants' alleged negligence.
On April 2, 1990, the defendants, Roberta DiLego, M.D., Carol Leicher, M.D., Henry Feder, M.D., and Hartford Hospital [hereinafter "defendants"], filed a motion to strike the fifth and sixth counts of plaintiffs' amended complaint for failure to state a claim upon which relief might be granted. That CT Page 664 motion was accompanied by a memorandum of law in support thereof.
The plaintiffs have filed an objection to defendants' motion to strike and a memorandum of law in support of that objection.
A motion to strike is the appropriate method by which to challenge the legal sufficiency of a pleading. Connecticut Practice Book 152 Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). In ruling on a motion to strike, the court must take as admitted all well-pleaded facts, and those necessarily implied therefrom, and construe them in the manner most favorable to the pleader. Norwich v. Silverberg,200 Conn. 367, 370 (1986); Amodio v. Cunningham, 182 Conn. 80,82 (1980). "[I]t is of no moment that the plaintiff may not be able to prove its allegations at trial or that defendants might prove facts which operate to bar the plaintiff's claim. The sole inquiry at this stage of the proceedings is whether the plaintiff's allegations, if proved, would state a basis for [relief] . . . ." Doyle v. A. P. Realty Corp., 36 Conn. Sup. 126,127 (Super.Ct. 1980). Where the facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. Mingachos v. C.B.S., Inc.,196 Conn. 91, 109 (1985); Alarm Applications Co. v. Simsbury Volunteer Fire Co., Inc., 179 Conn. 541, 545 (1980).
The defendants contend that Connecticut law does not allow a bystander to medical malpractice to recover for emotional distress and accordingly urge that the fifth and sixth counts of plaintiffs' amended complaint must be stricken for failure to state a cognizable claim.
In opposition, plaintiffs maintain: "Contrary to the assertions of the defendants, plaintiffs' claim is not a claim for emotional distress by a bystander. Rather, the plaintiffs' claim is by one to whom a direct, legally cognizable duty is owed." (Plaintiffs' Objection to defendants, DiLego, Leicher, Feder and Hartford Hospital's Motion to Strike, dated April 24, 1990).
Bystander Recovery
In Maloney v. Conroy, 208 Conn. 392 (1988), the Connecticut Supreme Court considered the viability of a bystander emotional distress claim within the context of a medical malpractice action
The court stated:
 Whatever may be the situation in other contexts where bystander emotional distress claims arise, CT Page 665 we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position articulated in Strazza that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza v. McKittrick, [146 Conn. 714], 719 [(1959)].
(emphasis added). Maloney v. Conroy, 208 Conn. at 402. See also, Michaud v. Johnson, 4 C.S.C.R. 720 (August 16, 1989, Schaller, J.).
The plaintiffs are not entitled as bystanders to recover for emotional distress resulting from medical malpractice on their infant daughter. See Maloney v. Conroy, 208 Conn. 392; Michaud v. Johnson, 4 C.S.C.R. 720.
Negligent Infliction of Emotional Distress
To recover for unintentionally caused emotional distress, the plaintiff has the burden of pleading and establishing that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm. Montinieri v. Southern New England Telephone Co., 175 Conn. 337,345 (1978).
The Connecticut courts have recognized a distinction between cases in which a plaintiff seeks bystander recovery and those cases in which a plaintiff mother who is owed a duty arising out of the physician-patient relationship seeks to recover for the negligent infliction of emotional distress. See, e.g., Michaud v. Johnson, 4 C.S.C.R. 720; Dowie v. McCarthy,2 C.S.C.R. 666 (May 28, 1987, Gill, J.); Santilli v. Kharma,2 C.S.C.R. 446 (March 27, 1987, Healey, J.); Britton v. Borelli, 7 Conn. Law Trib. No. 25, p. 11 (Super.Ct., June 5, 1981, Moraghan, J.). In these latter instances, the courts have reasoned: "To infer that a mother is a bystander at the birth of her infant manifests a basic misunderstanding of the duty owed a patient by a physician. In such a circumstance . . . there are two within the zone of danger and the doctor owes a duty to each . . . ." Britton v. Borelli, 7 Conn. Law Trib. No. 25 at p. 13, quoting Howard v. Lecher, 42 N.Y.2d 109, 116
(Cooke, J. dissenting).
In Britton v. Borelli, 7 Conn. Law Trib. No. 25 at p. 14, the trial court (Moraghan, J.) stated:
[T]here was a duty owed to the plaintiff mother CT Page 666 in this case. She was not a mere eyewitness or bystander to an injury caused by another but rather she was the one to whom a duty was directly owed by the obstetricians and the one who was directly injured by the physicians' breach of that duty . . . . And certain it is that if she succeeds . . . in proving that the injury to her infant child was caused by the defendants' negligent acts or omissions during her labor, then anxiety and emotional distress suffered by her as a natural consequence of those wrongful acts, should be compensable as an element of damages under ordinary principles of negligence.
See also Michaud v. Johnson, 4 C.S.C.R. 720; Dowie v. McCarthy,2 C.S.C.R. 666; Santilli v. Kharma, 2 C.S.C.R. 446. The Britton court concluded that a cause of action had been stated for negligently inflicted emotional distress in accordance with the Montinieri standards.
In the instant case, the fifth and sixth counts of plaintiffs' amended complaint fail to allege sufficient facts to support a cause of action for the negligent infliction of emotional distress. Although plaintiffs have alleged that the defendants "knew or should have known that their conduct was likely to cause the unreasonable risk of severe psychological, physiological, and emotional distress" to the plaintiffs, the facts alleged do not support a requisite breach of duty arising out of a physician-patient relationship.
Accordingly, this court grants the defendants' (DiLego, Leicher, Feder and Hartford Hospital) motion to strike the fifth and sixth counts of plaintiffs' amended complaint for failure to state a claim upon which relief might be granted.
HENNESSEY, J.