[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE COMPLAINT ALLEGING PARENTAL RIGHT OF RECOVERY
Plaintiffs Steven Kershaw and Bruce Kershaw brought this two count complaint against the defendants Housatonic Cablevision Company, Inc. and its employee Patrick T. McGuire. This action arises out of a motor vehicle accident which allegedly occurred on February 16, 1989, whereby a vehicle owned by the defendant Housatonic and operated CT Page 2557 by the defendant McGuire allegedly struck the plaintiff, pedestrian Steven Kershaw.
Count one of the complaint seeks damages for personal injuries incurred from the accident and for reimbursement of costs associated with treatment.
Count two of the plaintiffs' complaint is brought by Bruce Kershaw individually and as a parent and next friend of Steven Kershaw. Plaintiff Bruce Kershaw realleges the same allegations that are contained in count one as to his son Steven and in addition claims in paragraph 7 of the second count that he has expended large sums of money for treatment of his son. In paragraph 8 of count two, plaintiff Bruce Kershaw alleges that he has suffered substantial wage and benefit loss as he was obligated to leave his employment from February 19, 1989 to May 5, 1989 in order to comfort and care for his son.
The defendants have moved to strike the plaintiffs' second count pursuant to Conn. Practice Bk. 152. Defendants seek to strike Bruce Kershaw as a plaintiff in this action. The defendants claim in their motion that the second count fails to state a legally cognizable claim upon which relief can be granted. The defendants specifically claim in their motion that there is no cognizable claim by a parent to seek monetary damages for monies paid on behalf of, or lost on account of an adult child.
"In deciding upon a motion to strike. . ., a trial court must take the facts to be those alleged in the complaint, . . . and `cannot be aided by the assumption of any facts not therein alleged.'. . . Where the legal grounds for such a motion are dependent upon underlying, facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348 (1990) (citations omitted).
Defendants contend in their memorandum in support of the motion to strike that count two of the plaintiffs' complaint fails to allege that Steven Kershaw is a minor and therefore, the second count filed on behalf of the father must be stricken. The motion itself states that there is no recognizable claim by a parent to seek monetary damages for monies paid on behalf of, or lost on account of an adult child.
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint, Gordon v. Bridgeport CT Page 2558 Housing Authority, 208 Conn. 161, 170 (1988), and must construe those facts in the manner most favorable to the pleader. Rowe v. Godon, 209 Conn. 273, 278 (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367, 370 (1986).
The defendants' motion to strike states that the plaintiff Steven Kershaw is an adult child and therefore a claim brought by his father as a parent seeking monetary damages for monies paid on behalf of Steven is not a cognizable claim. However, the complaint does not state whether Steven is a minor or an adult.
Whether or not plaintiff is a minor is relevant to a claim brought pursuant to Conn. Gen. Stat. 52-204.[1]
For purposes of this motion to strike, however, the defendants' contention that plaintiff is an adult makes the motion an inappropriate speaking motion. See Liljedahl.205 Conn. at 348.
Accordingly, the motion to strike is denied.
CLARANCE J. JONES, JUDGE