[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By note dated July 26, 1988, the defendant, New Dimension Homes of Connecticut, Inc., promised to pay to the order of the plaintiff, State Bank of Westchester, the principal sum of Two Million Twenty Five Thousand and 00/100 dollars, payable with interest as provided in the note. (revised Complaint dated December 11, 1989). This note arose from a mortgage financing agreement for the acquisition of building lots in Wilton. Id. By deed, on July 26, 1988, the defendant mortgaged to plaintiff a parcel of land for the purpose of securing the note. Id. The note and mortgage are now owned by the plaintiff. Id.
The installment of interest due on July 26, 1989, has not been paid and the plaintiff, on September 8, 1990, exercised the option to declare the entire balance due on the note payable. Id.
On December 11, 1989, plaintiff filed a two count revised complaint sounding in an action of foreclosure and deficiency judgment. On February 14, 1990, defendant filed an answer and special defense to plaintiff's complaint.
On April 3, 1990, plaintiff filed a motion to strike defendant's special defense. The supporting memorandum asserts that the special defense should be stricken on the grounds that the defense asserted is in essence one of estoppel. On April 9, 1990 defendant filed an objection, with memorandum of law, to the plaintiff's motion to strike. On April 9, 1990, plaintiff amended its motion to strike the special defense. On May 11, 1990, plaintiff, in a reply to the special defense, denied the allegations set forth in said defense.
On May 14, 1990, plaintiff filed a motion for summary judgment with supporting memorandum and affidavit. On June 8, 1990, defendant filed an objection to the motion for summary judgment, with supporting memorandum and affidavit. On that same day, plaintiff filed a motion to strike defendant's objection to the motion for summary judgment. Memorandum of law in support and an affidavit were filed with plaintiff's motion. On June 20, 1990, defendant filed a response to plaintiff's June 8, 1990 CT Page 4960 motion to strike. On July 9, 1990, defendant filed a supplemental memorandum in opposition to the motion for summary judgment, with accompanying affidavit.
Two motions are presently before the court for consideration: (1) plaintiff's motion to strike the defendant's special defense; and (2) plaintiff's motion to strike defendant's objection to motion for summary judgment. These motions will be addressed respectively.
A motion to strike is the proper vehicle to test the legal sufficiency of a special defense. Conn. Practice Bk. 152(5) (rev'd to 1978, as updated to October 1, 1989). Further, it admits all facts well pleaded and those necessarily implied therefrom. Norwich v. Silverberg, 200 Conn. 367, 370 (1986) The motion does not admit, however, opinions or legal conclusions. Mincachos v. CBS, Inc., 196 Conn. 91, 108 (1985). Where facts provable under the allegations would support a defense, the motion must fail. Ferryman v. Groton, 212 Conn. 138, 142 (1989).
Plaintiff's answering the defendant's special defense may be deemed a waiver of the right to challenge that special defense. See Conn. Practice Bk. 112 and 113; see also Labrazzo v. Georgetti, 4 Conn. L. Trib. No. 26, p. 14 (1978). Because the plaintiff has generally denied the allegations in the special defense, the court need not address the motion to strike it.
Plaintiff's Motion to Strike Defendant's Objection To Motion for Summary Judgment
On June 1, 1990, plaintiff filed a second motion to strike entitled "Motion to Strike objection to motion for Summary Judgment, (#118 at p. 1.) Memorandum of law in support of this motion was also filed. As was indicated earlier, a motion to strike may be filed to contest the legal sufficiency of on a complaint, prayer for relief, cross-claim, counterclaim and special defense. Conn. Practice Bk. 152. A motion to strike, pursuant to 152, can only be filed to test pleadings. Baker v. S.N.E.T., 4 CSCR 347 (March 1, 1989, Mack, J.). Plaintiff's motion is directed to defendant's objection to the motion for summary judgment, which is not a "pleading." Id. This motion to strike is improper and is denied.
CIOFFI, J.