[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A defendant in this case, home Insurance Company, filed a motion to strike count eleven of plaintiffs' third amended complaint. The plaintiffs are Combustion Engineering, Inc. and Peter Mihan.
The alleged facts are as follows. On November 14, 1983, Mihan arranged with Salka and Sons, Inc., also a defendant, to transport to and store household furnishings in the Salka warehouse in Meriden, Connecticut. In July, 1988, Mihan notified Salka that he wished to terminate storage and to have delivery of the household goods to Mihan's home in Ridgefield, Connecticut. The goods, valued at $86,174.00 were damaged, broken, mildewed and ruined by natural forces such as rain, ice and vermin. Mihan served a notice of claim and proof of loss to Salka in 1989, and received no response. Mihan then served a written claim to Home Insurance Company, with whom Mihan had entered an agreement to insure the stored goods. Home Insurance denied coverage, stating that a prior loss appraised at $22,834.01 had occurred in December, 1984. Mihan claims he was never informed of the 1984 loss and has not received any insurance payment because of it, nor has he received any documentation or copies of the insurance policies, despite his demands, but did continue to pay premiums through 1988. CT Page 4903
Mihan incorporated thirty-two paragraphs of count seven of his amended complaint. Mihan alleges that Home Insurance Company has engaged in a trade practice which, pursuant to Conn. Gen. Stat. 38-61, is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. He further alleges that the insurance company failed to communicate, to investigate, to pay claims, to affirm or deny coverage, or to settle claims equitably or to provide prompt explanations of company actions with respect to claims arising under insurance policies.
Home Insurance Company filed its motion to strike count eleven of the amended complaint; Mihan filed an objection. Both parties filed memoranda of law.
The motion to strike contests the legal sufficiency of the allegations of the complaint. Conn. Practice Bk. 152 (rev'd to 1978, as updated to October 1, 1990). The plaintiff must allege some recognizable cause of action in his complaint. Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 535, n. 5 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint;" Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988), and must construe the facts in the manner most favorable to the pleader. Rowe v. Godou,209 Conn. 273, 278 (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367, 370
(1986). If facts provable under the allegations would support a defense or cause of action, the motion to strike must fail. Ferryman v. Groton, 212 Conn. 138, 142 (1989).
Home Insurance Company argues in its memorandum of law that, pursuant to Conn. Gen. Stat. 38-61(6) Mihan must allege that the insurance company "committed or performed with such frequency as to indicate a general business practice" any of the enumerated unfair claims settlement practices. For this proposition the insurance company relies on the interpretation of Conn. Gen. Stat. 38-61(6) found in Mead v. Burns, 199 Conn. 651 (1986).
 Looking to the statute as a whole, we believe that claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct.
Id. at 659.
The plaintiff Mihan argues in his memorandum in opposition that, although the eleventh count does not contain the words "general business practices," the count makes a claim against the Home Insurance Company for business practices in addition to those CT Page 4904 business practices direct at him, thus satisfying the requirement of Mead v. Burns.
A careful reading of the thirty-four paragraphs of count eleven reals allegations of eight letters covering the time span August 19, 1988 through June 13, 1989 asking for copies of applicable insurance policies which the Home Insurance Company refused or failed to produce. The plaintiffs further allege that the same letters asked for documentation relevant to the alleged 1984 loss and that this also was not produced. The complaint alleges that a loss occurred in 1984 at Salka's warehouse and the loss and/or appraised damage of $22,834.00 was not communicated to Mihan. The complaint alleges a further loss discovered in 1988, which totaled $86,174.00. The court concludes that the allegations of count eleven of the amended complaint meet the requirement of Mead v. Burns by "showing more than a single act of insurance misconduct." Id. at 659.
Accordingly, Home Insurance Company's motion to strike count eleven of the third amended complaint is denied.
DONALD T. DORSEY, JUDGE