[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION GRANTING DEFENDANT'S MOTION TO STRIKE
The plaintiffs, Anthony D. D'Albero, Jr., and Carol CT Page 10624 D'Albero, allege in the Fourth Count of their Complaint that the defendant, Thomas Vailette, violated the Connecticut Unfair Trade Practices Act ["CUTPA"], Conn. Gen. Stat. 42-110a, et seq. The defendant moved to strike this Fourth Count because it failed to state a claim upon which relief could be granted. The court granted the motion to strike and the plaintiffs then asked for this articulation, which is granted.
I. A CUTPA ACTION MAY NOT BE MAINTAINED AGAINST INDIVIDUALS WHO ARE NOT ACTING IN A PROFESSIONAL OR BUSINESS CONTEXT
Conn. Gen. Stat. 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
"Person" is defined by Conn. Gen. Stat. 42-110a(3) as:
 [A] natural person, corporation, trust, partnership, incorporated or unincorporated association, and any other legal entity.
"Trade" and "commerce" are defined by Conn. Gen. Stat.42-110a(4) as:
 [T]he advertising, the sale or rent, or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state.
To be liable under CUTPA, the defendant must be engaged "in the conduct of any trade or commerce" when committing the unlawful acts. The appropriate focus is upon the status of the CUTPA defendant and whether his alleged actions took place in the conduct of any trade or commerce.
A primary purpose for enactment of CUTPA was to provide a more equitable balance in the relationship of consumers and persons engaged in business activities. See Lantner v. Carson,373 N.E.2d 973 (Mass. 1978), and Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 183 (1986), considering Massachusetts decisions when construing certain provisions of CUTPA. A primary CT Page 10625 purpose for enactment of CUTPA was to produce more equitable bargaining power in the marketplace. See, e.g., Murphy v. McNamara, 36 Conn. Sup. 183, 193-194 (1979). The Supreme Court has ruled that CUTPA applies to residential landlord-tenant transactions, and that a landlord's violation of the public policy of the landlord-tenant act, Conn. Gen. Stat. 47a-1, et. seq., is a CUTPA violation. Conaway v. Prestia, 191 Conn. 484
(1983).
Furthermore, the federal court has observed that CUTPA has never been applied to allow a retailer to sue its customer. Colonial Motors, Inc. v. The New York Design Group, Inc., Civil No. H-86-206 AHN (D.Conn.). Allowing CUTPA actions by retailers and manufacturers against their customers, or by lending institutions against their borrowers, or by landlords against their tenants would be to stand CUTPA on its head. Statutory protections intended to place customers on more equal commercial footing with the business community would be grossly transmuted into a weapon of industry, to be used at will against the consuming public. The plain language of the statute limiting liability to defendants engaged "in the conduct of any trade or commerce" forecloses such a distortion of CUTPA.
II. APPLICATION OF LEGAL STANDARD TO MOTION TO STRIKE
A motion to strike admits all well pled facts of the attacked pleading, and the court construes these facts most favorable to the pleader. Norwich v. Silverberg, 200 Conn. 367,370 (1986). Facts not well pled are not admitted; the motion cannot be supported or opposed by facts outside the pleading. Kilbride v. Dushkin Publishing Group, Inc., 186 Conn. 718, 719, 443. A.2d 922 (1982). Facts imported from outside the pleading, such as those asserted in memoranda in support of or in opposition to the motion, will not be considered by the court. Conn. State Oil Company, Inc. v. Carbone, 36 Conn. Sup. 181,182-183 (1979).
In this case, the plaintiffs leased property to the defendant for commercial purposes. In this business context, the plaintiff was the landlord and the defendant was the tenant. That defendant may have been conducting a business or trade on the premises is not relevant to this inquiry. So, even though this case involves a commercial lease, the court is unable to identify facts pled in the Fourth Count which, if proved at trial, would demonstrate that the defendant's acts occurred "in CT Page 10626 the conduct of any trade or commerce" under CUTPA. The complaint on its face sets forth conduct involving failure to pay rent owed, failure to pay property taxes and failure to repair damages to the property. The court is unable to observe how these allegations indicate that the defendant was acting in any capacity other than as an individual tenant. Additionally, the plaintiffs alleged these unlawful acts but failed to plead any facts showing that the defendant committed these acts while engaged in the conduct of any trade or commerce, as defined under CUTPA.
Accordingly, the motion to strike the Fourth Count is granted.
Clarine Nardi Riddle, Judge