[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112)
This action by the Estate of Timothy Hoxie was commenced by a Writ, Summons and Complaint dated March 16, 1992 and was returned to this court on March 23, 1992. On May 27, 1992 the plaintiff revised the Complaint. The plaintiff's revised Complaint alleges that on Friday, July 20, 1990 Timothy Hoxie was a passenger in a vehicle which was travelling in a westerly direction on Taylor Road in Winchester, Connecticut.
The plaintiff alleges that Taylor Road is a public road maintained by the Winchester Town Highway Department and that the vehicle in which Timothy Hoxie was a passenger left the traveled portion of the highway and struck a tree on the improved shoulder CT Page 753 of the road. The plaintiff further alleges that because of this collision, Timothy Hoxie died from the injuries sustained from this accident.
In addition, the plaintiff alleges that the defendants Albert Smith and William Julian, employees of the Town of Winchester knew that the tree was the site of previous collisions but, in reckless disregard of the safety of the public and within the scope of their employment or official duties, refused or failed to remove the tree or install a protective safety railing in front of the tree although they had authority to do so.
The motion to strike is provided for in Practice Book Sections 151-158 and is the proper means by which to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike, "[l]ike the demurrer . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in pleadings." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The sole inquiry at this stage is whether allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983). In addition the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Auth.,208 Conn. 161, 170, 544 A.2d 1185 (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367,370, 511 A.2d 336 (1986).
The defendant in its supporting memorandum, argues that the plaintiff's revised complaint should be stricken because the plaintiffs complaint alleges that the defendants are liable for failure to act upon a matter within the scope of their responsibilities as Superintendent of Streets and an employee of the Town Highway Department. As such, the defendants responsibilities extend only to the maintenance of roads and highways, the defendants cannot be liable unless an action is brought pursuant to General Statutes Section 13A-149. The defendants also contend that in order to bring an action against a municipal employee the plaintiff must allege acts of malice, wantonness or intent on the part of the employee and the plaintiff has not done so.
The plaintiff, however, argues that the motion to strike should be denied for two reasons. First, the plaintiff argues that CT Page 754 the motion is not in compliance with Practice Book Section 154. Second, the plaintiff argues that they have properly pled a claim in common law recklessness because wanton misconduct and recklessness are legal synonyms. Since the plaintiff has objected to the defendants motion on the ground that it does not comply with Practice Book Section 154, which is now a "fatal defect," this second argument need not be addressed.
"Each motion to strike raising any of the claims of legal insufficiency enumerated in [Section 152] shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book Section 154.
In Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4,594 A.2d 1 (1991), the court discussed the operation of this rule:
 The defendant's motion to strike simply stated that the plaintiff had "failed to state a claim upon which relief can be granted." Because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion was "fatally defective" under Practice Book Section 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum.
Bouchard v. People's Bank, supra, 468 n. 4.
In the present case the defendants motion to strike the plaintiff's complaint stated that plaintiff's complaint: "fails to state a cause of action upon which relief can be granted." As in Bouchard v. People's Bank, supra, the defendant "did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion," hence the motion was "fatally defective," in that it does not comply with Practice Book Section 154.
For the reason stated the Motion to Strike is denied.
PICKETT, J. CT Page 755