[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This action arises out of a fall on a sidewalk in Stamford. The plaintiff, Minnie Perone, alleges that she was injured as the result of a fall on a defective public sidewalk in front of 229 Hope Street, Stamford, because a broken sign post was protruding from the sidewalk at that location. In the first count, the plaintiff alleges a cause of action based on the defective highway statute, General Statutes § 13a-149. A CT Page 4568 motion to strike counts two and three, directed to the municipal Traffic Commission and the city's Traffic and Parking Department, respectively, was granted by agreement. Count four is directed to Ernest Orgera, an employee of the city's Traffic and Parking Department, who is alleged to be responsible for maintaining signs in the municipality. In the fifth count, plaintiff claims that Orgera is entitled to be indemnified by the city by reason of General Statutes § 7-465(a), if he is found liable to the plaintiff. The sixth count is directed to H. N. S. Management Company, Inc. d/b/a Connecticut Transit, and plaintiff alleges that this defendant maintained bus stops along Hope Street and had permitted the broken off bus sign to protrude from the sidewalk.
The defendant city of Stamford moves (#110) to strike count four of the plaintiffs complaint on the basis of General Statutes §52-557n(a)(1)(C), which prohibits any action relating to defective roads and sidewalks except those brought pursuant to General Statutes §13a-149. The city argues in its motion to strike count four that in [Sanzonev. Board of Police Commissioners], 219 Conn. 179, 592 A.2d 912 (1991), the Supreme Court held that the defective highway statute, § 13a-149, is the exclusive remedy for a fall on a city sidewalk or street, and that this holding also immunizes municipal employees from liability.
"[A]n action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality . . . for damages resulting from injury to any person or property by means of a defective road or bridge". Id., 192. General Statutes § 52-557n also "precludes a joint action seeking such damages against a municipality and its officer pursuant to § 7-465(a) . . . ." Id. "[O]therwise, the proviso in §52-557n would be stripped of all meaning, for § 7-465(a) would permit a plaintiff to reach the result forbidden by § 52-557n: the imposition of tort liability on a municipality for a highway defect claim." Id. Although indicating that a municipal employee in a defective highway suit was not entitled to indemnity under § 7-465(a), the court in [Sanzone] determined that such employee could nevertheless be sued as an individual, stating that "[t]here is no reason to believe, however, that the legislature intended to eliminate an injured plaintiff's common law right to seek damages from individual municipal employees." Id., 193.
In reviewing similar motions to strike after the [Sanzone] case was decided, other superior courts have recognized "the continued liability of municipal employees although Section 52-557n removes torts related to highway defects from the class of torts for which municipal employees may be indemnified under Section 7-465(a)." [Krebs v. Chilson Excavating],6 Conn. L. Rptr. 194, 197 (March 13, 1992, Barnett, J.); see also [Reiselv. Bridgeport Garden Apartments], 7 CTLR 323, 324 (September 9, 1992, CT Page 4569 Melville, J.) (court denied motion to strike claim against municipal employee, finding that § 52-557n does not bar plaintiff from asserting negligence cause of action against municipal officer or employee); and [Sawyer v. New Haven], 4 Conn. L. Rptr. 274, 275 (July 8, 1991, Axelrod, J.) (court denied motion to strike claim against municipal employee).
This interpretation of [Sanzone] means that a plaintiff injured by mason of a defective sidewalk or road must sue the municipality pursuant to §13a-149, but may also sue a municipal employee for common law negligence relating to the maintenance of sidewalks and roads. Yet, that employee is not entitled to be indemnified under § 7-465(a). This theory has the potential to create the anomalous result that all municipal employees against whom a judgment is rendered are entitled to be indemnified pursuant to § 7-465(a), except those working on highways and sidewalks, who would have to pay a judgment rendered against them with their own funds. This apparent conflict between § 52-557n and § 7-465, as reflected in [Sanzone], would represent a departure from the right of an employee to be reimbursed in case a judgment is rendered against him. Although the court in [Sanzone] determined that § 7-465(a) was no longer applicable to highway defect cases, the court did not comment on General Statutes §7-101a, which also provides reimbursement for municipal employees against whom a judgment is rendered. "The legislature provided for statutory indemnification by municipalities to relieve individual municipal employees and officers of personal liability for injuries they cause, or are alleged to have caused, to third parties on behalf of their municipalities." [Norwich v. Silverberg], 200 Conn. 367, 375, 511 A.2d 336 (1986). Otherwise, according to [Norwich], a municipal employee "would be required to shoulder ultimate liability, as well as the costs of defense, for conduct that was solely beneficial to his municipal employer." Why § 7-465(a) would not be permitted in a highway defect case and § 7-101a would be is difficult to articulate, but there must be some mechanism to indemnify a municipal employee who happens to work on roads and sidewalks as contrasted with those who work elsewhere and are protected by § 7-465(a).
In another twist in this case, the plaintiff, although relying on [Sanzone] in her opposition to the motion to strike the fourth count against Orgera, has pleaded a § 7-465(a) claim in the fifth count, despite the apparent prohibition thereof by [Sanzone].
However, the city has not moved to strike this count. In any event, on the premise that Orgera is entitled to indemnification under § 7-101a
if not under § 7-465(a), the city's motion to strike count four against this defendant is denied.
So Ordered. CT Page 4570
Dated at Stamford, Connecticut, this 27 day of April, 1994.
William B. Lewis, Judge