[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION(MOTION TO STRIKE, #108,109)
Plaintiffs move to strike defendant's revised counterclaim on the ground of failure to comply with Practice Book § 390. Plaintiffs further move to strike defendant's revised special defenses on the ground that they allege only legal conclusions and contain no supporting factual allegations.
FACTS
The plaintiffs, Morton Silberstein and The Homesteads at Middlebury, LLC, filed a complaint on October 28, 1997 alleging in a single count that the defendant, SMO Associates, breached an "Option to Purchase" agreement ("Option Agreement") for the purchase of real property. On December 6, 1997, the defendant filed a revised answer and two special defenses, along with a revised counterclaim seeking a declaratory judgment with respect to the subject real property. On December 12, 1997, the plaintiffs filed motions to strike both the defendant's revised counterclaim and its revised special defenses.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293
(1997). A motion to strike is the proper vehicle used to challenge the legal sufficiency of a counterclaim. See City ofNorwich v. Silverberg, 200 Conn. 367, 369, 511 A.2d 336 (1986).
I Revised Counterclaim
The defendant's counterclaim "claims a judgment determining the rights of the parties in or to the land and settling title thereto." The plaintiffs have moved to strike the defendant's revised counterclaim on the ground that "Defendant's revised counterclaim seeking a declaratory judgment fails to comply with Practice Book § 390." The plaintiff argues that Practice Book 390(d) requires notice to all interested parties but that the defendant has failed to give notice to Scott M. Gerard, Trustee, to whom the defendant purportedly granted an option interest in the subject property. Moreover, to further substantiate this claim, the plaintiffs appended to its memorandum of law, as Exhibit B, a copy of this purported option agreement. Ordinarily, the plaintiffs' motion to strike would be denied as a "speaking" CT Page 3754 motion to strike; however, because the plaintiffs base the motion to strike on the defendant's failure to comply with Practice Book § 390(d), the court's subject matter jurisdiction is implicated.
"Jurisdiction of the subject matter is a question of law and cannot be waived. . . . Once brought to the attention or the court, regardless of the form of the motion, it must be acted upon." (Citations omitted; internal quotation marks omitted.)Mannweiler v. LaFlamme, 232 Conn. 27, 35, 653 A.2d 168 (1995), on remand, 46 Conn. App. 525, 700 A.2d 57, cert. denied,243 Conn. 934, ___ A.2d ___ (1997). "In order for a trial court to have jurisdiction over declaratory judgment actions . . . it must comply with the notice requirement of Practice Book § 390(d), which provides: The court will not render declaratory judgments upon the complaint of any person . . . (d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." (Internal quotation marks omitted.) Id. 32-33.
"Parties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience." (Footnote omitted; internal quotation marks omitted.) Id. 32. In addition, "a party is necessary if its presence is absolutely required in order to assure a fair and equitable trial." (Internal quotation marks omitted.) Biro v. Hill, 214 Conn. 1, 6, 570 A.2d 182 (1990).
Gerard is an interested party with respect to the subject matter of the declaratory judgment as he has purportedly entered into an option agreement with the defendant to purchase the same property at issue in both the complaint and the declaratory judgment. Thus, the court lacks subject matter jurisdiction to entertain the defendant's revised counterclaim because of the defendant's failure to comply with Practice Book § 390(d).
The court's lack of subject matter jurisdiction in a declaratory judgment action does not, however, require an automatic dismissal of the action. "Unlike other jurisdictional defects implicating the trial court's subject matter jurisdiction . . . the bringing of a declaratory judgment action is not itself precluded by a failure to comply with the notice requirement." (Internal quotation marks omitted.) Mannweiler v.LaFlamme, supra, 232 Conn. 36. The court may remedy a CT Page 3755 jurisdictional defect relating to notice in a variety of ways.Serrani v. Board of Ethics, 225 Conn. 305, 309, 622 A.2d 1009
(1993). Notably, the court may render an order of notice to those parties it deems appropriate. Id.; see also Connecticut Ins.Guaranty Association v. Raymark Corp., 215 Conn. 224, 230,575 A.2d 693 (1990).
Plaintiffs' motion to strike the defendant's revised counterclaim is denied and it is further ordered that the defendant provide notice to Gerard in conformity with Practice Book § 390(d).
II. Special Defenses
The plaintiffs move to strike the defendant's special defenses on the ground that they are legally insufficient and "contain only legal conclusions and . . . no supporting factual allegations." "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but which demonstrate nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992). "The legal sufficiency of a special defense may be determined by reference to Practice Book § 164. A special defense alleges facts which are consistent with the plaintiff's allegations but which show, notwithstanding that he has no cause of action." (Internal quotation marks omitted.) Petrol Plus v.D'Onofrio, Inc., Superior Court, judicial district of New Haven, Docket No. 351700 (September 20, 1995, Hartmere, J.). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems. Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 57 (1992).
A. Statute of Frauds
The plaintiffs argue that the defendant's revised first special defense fails to assert facts as to how the Option Agreement violates General Statutes § 52-550, the statute of frauds, in that the Option Agreement's terms are unclear and overly vague. Defendant's first revised special defense alleges sufficient facts to overcome the plaintiffs' motion to strike. Specifically, the defendant has alleged that the description of the "premises" section two is vague and unclear and that the terms contained in the section entitled "11 Extension" are vague and unclear as well. CT Page 3756
Defendant has put forth a factual basis for its assertion that the Option Agreement runs afoul of the requirements of General Statutes § 52-550, the applicable statute of frauds. Accordingly, plaintiffs' motion to strike the defendant's revised first special defense is denied.
B. Unreasonable Restraint on Alienation
The defendant's revised second special defense states that "[t]he "Option to Purchase" and the lis pendens filed in conjunction to this action in Volume 151 at page 501 and 502 of the Middlebury Land Records on October 1, 1997 constitute an unreasonable restraint on alienation." Plaintiffs' motion to strike this special defense is granted as the defendant has simply asserted a legal conclusion without any supporting facts. The defendant has not stated any facts that demonstrate how the Option Agreement or Lis Pendens operate as an "unreasonable" restraint on alienation, only the bare assertion that they do so.
The court in Grove Corp. v. Tinty, Superior Court judicial district of Hartford/New Britain at Hartford, Docket No. 377774 (January 4, 1991, Hennessey, J.) recognized that the special defense of unreasonable restraint on alienation is a valid special defense, and the court denied a plaintiff's motion to strike such a special defense. In that case, the language used in asserting the special defense was arguably even more conclusory than the present matter: "[T]he plaintiff's purported option, and exercise thereof, constitutes an unreasonable restraint on the alienation of property." Grove is distinguishable from the present case.
In the present matter, the plaintiffs have challenged the defendant's revised second special defense on the ground that it contains legal conclusions and no supporting factual allegations. In Grove, the plaintiff challenged the legal sufficiency of the defense itself, not the factual underpinnings supporting the defense. A vital distinction, for even if this court finds that unreasonable restraint on alienation is a valid special defense, the defendant has not provided any factual allegations to support its existence in this matter.
Therefore, plaintiffs' motion to strike the defendant's revised second special defense on the ground that the defendant has not sufficiently alleged facts to support its claim that the Option Agreement and Lis Pendens operated as an unreasonable CT Page 3757 restraint on alienation is granted.
To summarize, plaintiffs' motion to strike defendant's revised counterclaim (#108) is denied. Plaintiffs' motion to strike the revised first special defense is denied and granted as to the defendant's revised second special defense. (#109).
Schimelman, J