[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
CT Page 12993
In this case, the defendants are a former selectman of the Town of Waterford, a former chairman of the town's Zoning Board of Appeals and a former zoning enforcement officer. The complaint alleges that Joseph Olbrys conducted what is alleged to have been an illegal business from property he owns on the street where the plaintiff lives. After describing their past official positions while the events in question were occurring, the complaint alleges the named defendants failed to enforce the zoning laws, put roadblocks in the plaintiff's attempts to do so and generally conspired among themselves to protect the illegal activities of Mr. Olbrys.
The conduct of the defendants is described as "extreme, wanton, malicious and outrageous. The defendants have filed a motion to dismiss arguing that the reference in paragraph 2 to the official positions of the defendants indicates the defendants were not sued in their individual capacities. But the complaint does not allege notice was given to the town clerk — nor is a copy of any such notice attached to the complaint. Because of the characterization of the complaint as being one against the defendants in their capacity as municipal officers a prerequisite to suit, the defendants argue, is compliance with the just mentioned notice provisions of §§ 7-101 (a)(d) and 7-465 of the General Statutes.
The plaintiff does not dispute the latter observation but argues that the defendants' argument is based on a false premise. In fact, the suit is brought against the defendants in their individual capacities so that compliance with the notice provisions of the two just mentioned statutes are not predicates to the suit. The court will try to address the issues raised in the context of the applicable law in this area.
The first question is whether suit could have been brought against these defendants in their individual capacity? It is well settled that suit can be brought against a municipal official in his or her individual capacity. It has been said that while "(a) municipality itself was generally immune from liability for its tortious acts at common law . . . its employees faced the same personal tort liability as private individuals," Evon v. Andrews, 211 Conn. 501, 505 (1989); Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 165 (1988); Ryszkiewicz v.New Britain, 193 Conn. 589, 593 (1984). There is a qualified immunity in the performance of a governmental duty but the municipal employee may be individually liable if a ministerial act is misperformed. Even as to CT Page 12994 discretionary acts there is liability imposed on the individual municipal employee where (1) the circumstances make it apparent that an identifiable person will be subject to imminent harm if there is a failure to act; (2) a statute provides for a cause of action against such employee for failure to enforce certain laws; or (3) where the alleged acts involve malice, wantonness or intent to injure rather than negligence, Evon v. Andrews, id. at p. 505, Gordon v. Bridgeport HousingAuthority, id. at p. 165 et seq;
Section 7-465, the indemnification statute, assumes of course that city employees can be at least subject in the first instance to individual liability. In some instances, the city is not obligated to indemnify the municipal employee — the employee "must be acting in the performance of his (sic) duties and within the scope of his (sic) employment . . ." Also, any injury caused "must not be the result of any wilful or wanton act of such employee in the discharge of such duty." Libel and slander are also not covered under § 7-465.
To summarize the issue before the court is whether a fair reading of the complaint allows it to be construed as a suit against the three defendants in their individual capacities. If it was brought against the defendants in their capacities as municipal officials, then the motion to dismiss should be granted according to the defendants because the six month notice provisions of § 7-101a and § 7-465 have not been complied with and by filing a motion to dismiss, the defendants make this a jurisdictional attack. They cite the often stated language to the effect that "where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter," Ecker v. West Hartford, 205 Conn. 219, 232 (1987); Ambrosev. William Raveis Real Estate, 226 Conn. 757, 766 (1993). However, it is not quite true that actions against municipal employees did not exist at common law. Norwich v. Silverberg, 200 Conn. 367, 374 (1986). If the right then was not created at common law, then failure to allege compliance with the six month notice requirements of § 7-465 and § 7-101 (a) would permit a motion to strike at the most, cf. Santiagov. New Britain, 42 Conn. Sup. 22, 23 (1991). If notice was in fact given, a party could then plead over which would not be allowed upon the granting of a motion to dismiss granted on jurisdictional grounds.
Whether the motion now before the court is properly to be considered a motion to dismiss or strike the interpretive question of whether or not the complaint sets forth a cause of action against the three defendants in their individual capacity is the same. That is under Amodio v.Cunningham, 182 Conn. 80, 82 (1982), where a motion to strike is filed the pleadings of the non-moving party must be given that reading which is CT Page 12995 most favorable. Where a motion to dismiss is filed attacking subject matter jurisdiction, courts must indulge every presumption in favor of subject matter jurisdiction, Gurliacci v. Mayer, 218 Conn. 531, 543, and why shouldn't this be so when a court examines pleadings in the face of a jurisdictional attack? Furthermore, this is supported by the observation that a motion to dismiss which does not seek to introduce facts outside the record . . . is equivalent to (an) old motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff. Duquay v. Hughes, 191 Conn. 222, 227 (1983).
Looking at this complaint with these general principles in mind then and giving it that reading which is most favorable against the attack mounted, the complaint can be read as being brought against these defendants in their individual capacity.
As the plaintiff notes, the complaint asks for punitive damages against each defendant which would not be allowed against a municipality. Indeed, the court said in West Haven v. Hartford Insurance Co.,221 Conn. 149, 159 (1992): "We thus conclude that the municipality is obligated, pursuant to 7-465, to indemnify a municipal employee unless the municipal employee acted wilfully or wantonly. We also conclude that, pursuant to § 7-101 (a), the municipality is not liable for indemnification of any financial loss resulting from a malicious, wilful or wanton act." The allegations in the complaint making the just mentioned claims and the factual references supporting them coupled with the punitive damage claim take the complaint out of the realm of §7-465 and § 7-101 (a) if, as noted, the complaint is given that reading most favorable to saving it from dismissal or from being stricken.
Furthermore, paragraph 16 makes allegations that can be viewed as taking the complaint outside the parameters of §§ 7-101 (a) and 7-465. Section 7-465 provides the statute shall apply if the damages inflicted on a claimant occurred while the municipal employee "was acting in the performance of his (sic) duties and within the scope of his (sic) employment." Section 7-101 (a) talks about indemnification for actions taken by the employee "while actions in the discharge of his duties." There is no appellate authority giving a separate and distinct meaning to each of these phrases, so given the ameliorative purposes of the act, seeNorwich v. Silverberg, 200 Conn. 367, 374 (1980), the court will rely on the traditional definition of "scope of employment" given in the cases to define both phrases:
 "A servant acts within the scope of employment while engaged in the service of the master, and it is not synonymous with the phrase during the period covered CT Page 12996 by his employment. . . . While a servant may be acting within the scope of his employment when his conduct is negligent, disobedient and unfaithful . . . that does not end the inquiry. Rather, the vital inquiry in this type of case is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business. . . . Unless [the employee] was actuated at least in part by a purpose to serve a principal, the principal is not liable." (Citations omitted; internal quotation marks omitted.) A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 209-10 (1990).
Paragraph 16 alleges two of the defendants, acting conspiratorially among themselves and with the property owner, who the plaintiff claims was violating zoning laws, actually surreptitiously rewrote a draft ruling of the zoning board of appeals favorable to the plaintiff while the board member designated to write the decision was out of town. Query whether such activity could be said to have occurred within the scope of employment, if it, in fact, occurred. These observations as to punitive damages and the just mentioned allegations in paragraph 16 seem to allow this complaint to be read as being brought against these defendants in their individual capacities. However, the defendants do make an argument from the face of the complaint which they claim supports their position that this suit was brought against them in their capacity as municipal officers. Paragraph 26 states that "this action" was originally brought in federal district court. The federal court declined to exercise pendant jurisdiction "of this state law claim" and dismissed the action without prejudice. It is then alleged that the action was brought within one year of the federal court action as required by § 52-591 of the General Statutes. The defendants, in light of the representations in paragraph 26, ask the court to take judicial notice of the complaint filed in federal court, particularly paragraphs 4 and 6, which they argue characterizes the action as being one filed against these defendants in their capacity as municipal officials.
It is true that paragraph 6 of the federal complaint makes broad allegations that the defendants were acting under color of law — that is, under color of the state constitution, laws and customs and usages of the state and the Town of Waterford. The court is not aware whether federal courts are blessed with motions to revise and the requirement of putting separate claims in separate counts. Since they have notice pleading, it is doubtful that those courts are so fortunate. But that leads to an examination of the last two sentences of paragraph 4 of the federal complaint: "These defendants were acting, at all times CT Page 12997 relevant to this action, in their official capacities. They are sued, however, in both their official capacities and their individualcapacities." (Emphasis added.) This is a complaint making the same factual allegations that are renewed in the state complaint now before the court. The court, therefore, cannot rely on the language of the federal complaint as referred to in the state complaint to support the defendants' arguments given the inferences that must be applied in favor of subject matter jurisdiction.
For the reasons previously stated herein, the court concludes that the motion to dismiss should be denied.
Corradino, J.