[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Chrysler Credit Corporation, commenced this cause of action by revised complaint dated November 9, 1992 against the defendants Karen Blassberg, Ronald Berman, Brian Minahan, Jack Kubran and Five Sons Realty. The revised complaint contains six counts. The first count pertains to defendants Karen Blassberg and Ronald Berman and alleges that on or about August 2, 1991 sums of money were transferred from Tri City Dodge, Inc. to Karen Blassberg and that when the sums were transferred they constituted collateral of the plaintiff and that the defendant was unjustly enriched.
The second count of the complaint alleges that Five Sons Realty and Jack Kubran received funds that belong to the plaintiff and that the sums constituted collateral and that these defendants were unjustly enriched. The third count alleges that a payment was made by Tri City Dodge, Inc., to the Bank of New Haven and that said payment was for the benefit of Jack Kubran who was unjustly enriched. The fourth count alleges a check kiting scheme and as a result funds were converted by the defendants to the detriment of the plaintiff. The fifth count alleges that all the transfers were made with the intent to avoid collection of the plaintiff's debt from Tri City, were fraudulent and that the plaintiff has been harmed. The sixth count is a claim under the Connecticut Unfair Trade Practices Act.
On January 20, 1993 the defendants Karen Blassberg, Jack Kubran and Five Sons Realty filed a motion to strike the plaintiff's complaint and attached thereto a supporting memorandum. On March 19, 1993 the plaintiff filed a memorandum in opposition to the defendants motion to strike.
The motion to strike is provided for in Practice Book 151-158 and is the proper means by which to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). The motion to strike, "[l]ike the demurrer . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in pleadings." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The sole inquiry at this stage is whether . . . allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater CT Page 5705 Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983). In addition the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170,544 A.2d 1185 (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986).
The defendants, Karen Blassberg, Jack Kubran and Five Sons Realty filed a motion to strike the counts of the complaint that allege unjust enrichment, claiming that those counts fail to state a claim upon which relief can be granted. Specifically, the defendants contend that the first, second and third counts of the of the complaint are legally insufficient because the plaintiff has failed to specifically state how or why the defendants have been unjustly enriched. In otherwords the defendants assert that the plaintiff, in order to plead a legally sufficient claim for unjust enrichment must specifically state how the defendants benefitted [benefited] or received something of value.
Unjust enrichment applies "wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available on that contract." 5 Williston, Contracts (Rev. Ed.) 1479. "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. (Citations omitted). Connecticut National Bank v. Chapman, 153 Conn. 393, 399, 216 A.2d 814 (19). "With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard." Cecio Bros., Inc. v. Greenwich, 156 Conn. 561, 564-65, 244 A.2d 404 (1968).
In order to recover on the basis of unjust enrichment the plaintiff must demonstrate two aspects of the transaction. First, it must be shown that the defendant was benefited. In otherwords, that the defendant has received something of value. Second, that it was not paid for by the defendant, to the detriment of the plaintiff. Providence Electric Co., v. Sutton Place, Inc.,161 Conn. 242, 246, 287 A.2d 379 (1971).
In the case at bar the plaintiff has clearly demonstrated that CT Page 5706 the defendants, Karen Blassberg, Jack Kubran and Five Sons Realty have derived a benefit. Specifically, that money had been transfered to the defendants for which they paid no consideration. This enrichment in the absence of fraud, would not be unjust. The first, second and third counts of the complaint do, however, allege that the defendants obtained these funds without any legal right and for which the defendants paid no consideration. Thus, construing the complaint most favorably toward the plaintiff, Gordon v. Bridgeport Housing Auth., supra, 170, and since facts necessarily implied and fairly provable are included, Norwich v. Silverberg, supra, 370, the plaintiff has sufficiently alleged a cause of action for unjust enrichment. Therefore the motion to strike the first, second and third counts of the plaintiff's complaint is denied.
The defendants next claim that the fourth count of the plaintiff's complaint is legally insufficient because the plaintiff has failed to allege facts which constitute a conversion within the meaning of General Statutes 52-564 or under the common law definition of conversion.
The defendants argument that the fourth count of the plaintiff's complaint is legally insufficient because the plaintiff has not plead facts which constitute a conversion within the meaning of General Statutes 52-564 is misplaced. General Statutes52-564 enables a plaintiff to recover treble damages. It is not a statutory cause of action for conversion. Moreover, the case relied on by the defendants, Alaimo v. Royer, 188 Conn. 36,448 A.2d 207 (1982), discusses punitive or exemplary, and treble damages and not what is required to allege a cause of action for conversion. In addition, Alaimo v. Royer, supra, stands for the proposition that a plaintiff's claim for relief must specifically reference General Statutes 52-564. The plaintiff has, in fact, referenced General Statutes 52-564 in its claim for relief.
The defendants next argue that the plaintiff has not alleged a sufficient common law cause of action for conversion. Connecticut law recognizes a cause of action for conversion in tort. See e.g. Faulkner v. Samperi, 190 Conn. 412, 461 A.2d 681 (1983); Coleman v. Francis, 102 Conn. 612, 129 A. 718 (1925); Luciani v. Stop Shop,15 Conn. App. 407, 544 A.2d 1238, cert. denied, 209 Conn. 809,___ A.2d ___ (1988). The tort of conversion is defined as an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. Faulkner v. Samperi, supra, 419. "The seminal case in this state CT Page 5707 regarding conversion is Coleman v. Francis, 102 Conn. 612 (1925)." Luciani v. Stop Shop, supra, 410. In Coleman v. Francis, supra, the court indicated that there were two general classes into which conversions are grouped: (1) those where possession is originally wrongful; (2) those instances where rightful possession is changed to an unlawful exercise of dominion by reason of refusal to deliver it upon demand. See Coleman v. Francis, supra, 615-17. "`The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of his dominion and to his harm. Coleman v. Francis,102 Conn. 612, 615 (1925).'" Epstein v. Automatic Ent., 6 Conn. App. 484,488, 506 A.2d 158 (1986).
In the fourth count the plaintiff incorporated the allegations contained in the first three counts of the complaint and further alleged, inter alia, that the defendants knew that the funds were the collateral of the plaintiff by participating in a check exchange scheme and the defendants, by accepting said funds, intended to and did convert the proceeds for their own use and purposes in that the funds were deposited in the defendants' accounts and were used to cover checks for which no sums were on deposit or were used as loan repayments.
The plaintiff has plead a cause of action for conversion because these allegations construed most favorably toward the plaintiff, establish that the defendants, without authorization, assumed and exercised the right of ownership over property belonging to the plaintiff, namely money, to the exclusion of the plaintiff's rights. Therefore the motion to strike the fourth count of the plaintiff's complaint is denied.
As for the argument that the plaintiff has not alleged any facts to show that the defendants knew the funds were the plaintiff's collateral, knowledge is a question of fact, and as such it may be plead without supporting factual allegations. Casanova Club v. Bisharat, 189 Conn. 591, 596, 458 A.2d 1 (1983).
The defendants contend that the fifth count of the plaintiff's complaint is legally insufficient because the plaintiff fails to allege specific actions of the defendants that constitute a fraudulent conveyance. In support of their argument the defendants rely on The Uniform Act, P.A. No. 91-297. This Act, however, was enacted during the January Regular Session of the General Assembly, and became effective in October of 1991. Substantive legislation is not applied retroactively unless the General Assembly CT Page 5708 "unequivocally declares that the new legislation is to be given retroactive effect." Champagne v. Raybestos-Manhattan, Inc.,212 Conn. 509, 522, ___ A.2d ___ (1989). There is nothing in the Uniform Act to indicate that it was intended to be applied retroactively, and thus, the provisions of the Uniform Act are not applicable to the case at bar. However, General Statutes 52-552 is applicable to the case at bar. That statute provides that fraudulent conveyances are void against creditors of the transferor.
In order for the plaintiff to allege a legally sufficient claim of fraudulent conveyance under General Statutes 52-552 a plaintiff must allege either (1) that the conveyance was made without substantial consideration and rendered the debtor unable to meet his obligations or (2) that the conveyance was made with a fraudulent intent in which the transferee participated. Patrocinio v. Yalanis, 4 Conn. App. 33, 35, 492 A.2d 215 (1985) (citing Zapolsky v. Sacks, 191 Conn. 194, 200, 464 A.2d 30 (1983)). These two tests refer to constructive fraud and actual fraud respectively. Patrocinio v. Yalanis, supra, 35.
The allegations in the fifth count, specifically, Paragraph 14 alleges that the transfers were made without adequate consideration in that the defendants were given the funds to cover checks backed by insufficient funds which they had tendered to Tri City. This allegation satisfies the inadequate consideration element of constructive fraud.
Paragraph 14 also alleges insolvency of the transferor which is the second element for constructive fraud. Specifically, in Paragraph 14 of the fifth count the plaintiff alleges that Tri City was insolvent at the time of the transfers. A "person is insolvent for these purposes when he is unable to pay his existing debts." Molitor v. Molitor, 184 Conn. 530, 535, A.2d (1981). Additionally, in Paragraph 13 of the fifth count the plaintiff alleges that the transfers were made to avoid the collection of Tri City's debt to the plaintiff in that Tri City transfered the funds to the defendants rather than the plaintiff. Paragraph 15 of the fifth count alleges that the plaintiff was damaged by these transfers. These allegations in the fifth count of the complaint construed most favorably toward the plaintiff sufficiently alleged a cause of action for constructive fraud.
As for an actual fraudulent conveyance, a transfer is actually fraudulent when it was made with a fraudulent intent in which the transferee participated. Patrocinio v. Yalanis, supra, 35. The CT Page 5709 plaintiff's allegation that the transfers were made to avoid payment of Tri City's obligations to the plaintiff which is contained in Paragraph 13 of the fifth count satisfies the requirement that the transferor intended that the transfer avoid or hinder the payment of its obligations to the plaintiff. Moreover, the allegation that the transfers were structured so that the funds transfered covered insufficient funds checks tendered by the defendants to Tri City, which is contained in Paragraph 14 of the fifth count, satisfies the plaintiff's requirement to plead that the defendants participate with Tri City in intentionally trying to avoid paying the plaintiff, since it alleges a scheme in which the defendants participated in with Tri City in covering up facts underlying the transfers. Under the scheme alleged by the plaintiff the defendants tendered Tri City worthless checks in return for future payments of real money taken from the plaintiff's proceeds.
Thus, the fifth count of the plaintiff's complaint contains all of the necessary allegations to allege a legally cognizable cause of action for fraudulent conveyance. Therefore the motion to strike the fifth count of the plaintiff's complaint is denied.
Lastly, the defendants contend that the sixth count, which is a CUTPA claim, is legally insufficient because the plaintiff has not alleged that the defendants were involved in any trade or business as required by General Statutes 42-110b or that a consumer has been harmed.
The Connecticut Unfair Trade Practices Act (CUTPA) was enacted by the Connecticut General Assembly in 1973. General Statutes 42-110a
et seq. General Statutes 42-110b provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
"CUTPA was designed by the legislature to put Connecticut in the forefront of state consumer protection." Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 515, 461 A.2d 938
(1983). "The policy behind CUTPA is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices." Hernandez v. Monterey Village Assoc's Limited Partnership, 17 Conn. App. 421, 425, 553 A.2d 617 (1989). Furthermore, CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corporation v. New London Motors, Inc., 203 Conn. 342,354, 525 A.2d 57 (1987). CT Page 5710
This court, however, must examine CUTPA in light of "its legislative history, its language, the purpose it is to serve and the circumstances surrounding its enactment." Verrastro v. Sivertsen, 188 Conn. 213, 221, 448 A.2d 1344 (1982). CUTPA was enacted as a consumer protection statute, Heslin, supra, 515, and provides a private cause of action for actual and punitive damages. General Statutes Section 42-110g. This is especially important on a motion to strike when the court must construe the facts in a manner most favorable to the pleader.
In determining whether a practice violates CUTPA, a court should employ the following criteria:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)].
Sanghari v. Paul Revere Life Ins. Co., 214 Conn. 303, 311-12,572 A.2d 307 (1990). All three criteria need not be satisfied to support a finding of unfairness and a practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser degree it meets all three. Atlantic Ritchfield Co. v. Canaan Oil Co., 202 Conn. 234, 242, 520 A.2d 1008 (1987). Thus, "a violation of CUTPA may be established by showing an actual or deceptive practice." Cheshire Mortgage Service, Inc. v. Montes,223 Conn. 80, 105, 612 A.2d 1130 (1992). Additionally, with respect to the third criterion, a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury. McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558, 566-67,473 A.2d 1185 (1985).
The defendants claim that the sixth count of the complaint should be stricken because the plaintiff has failed to allege that the defendant committed an unfair act or practice in the course of a trade or business of his own and that any transfer between the two parties was a single private transaction.
General Statutes 42-110b(a) provides that "no person shall CT Page 5711 engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "Person" is defined, in part, as "a natural person . . ." See General Statutes 41-110a(3). "Trade" or "commerce" is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other commodity, or thing of value in this state." General Statutes 2-110a(4). "Conduct," however, is not defined in the statute. Nevertheless, words of a statute are to be given their commonly approved meaning unless contrary intent is clearly expressed. FAA v. Administrator. Unemployment Compensation Act, 197 Conn. 546,494 A.2d 564 (1985). "Conduct" is defined as "the act, manner or process of carrying out (as a task) or carrying forward (as a business). Webster's New Third International Dictionary (1971).
Based on the allegations as set forth in the sixth count, admitting all facts as true and viewing them in the light most favorable to the plaintiff, a CUTPA action could be maintained against the defendants, who are alleged to to have knowingly and intentionally participated in a scheme to deprive the plaintiff of property with, and through defendant Tri City constituting an unfair or deceptive trade or practice. Specifically, the plaintiff alleges inter alia that the defendants took part in a scheme to use the Tri City dealership to siphon off the plaintiff's collateral and route it into the hands of the defendants. The plaintiff also alleged that this collateral was both generated and siphoned off in the course of operation of the dealership. The plaintiff further alleged that through the defendants participation in the scheme to use Tri City's business dealings with the plaintiff to obtain plaintiff's collateral, the defendants committed unfair and deceptive acts in the course of a trade or business. these actions by the defendants were unfair and may be considered deceptive.
As for the defendants claim that CUTPA only applies to consumer transactions. The defendant maintains that there is nothing in the plaintiff's complaint alleging that any consumer transaction took place between the plaintiff and defendant.
"CUTPA is not limited to claims involving consumer injury." McLaughlin Ford, Inc. v. Ford Motor Co., supra, 566-67. "[A] competitor or other business person can maintain a a CUTPA cause of action without showing consumer injury." Id., 567. Consequently, no direct consumer relationship need exist between the plaintiff and defendant as a prerequisite to a CUTPA claim. CT Page 5712
The defendant also claims that count six is legally insufficient because an allegation of an isolated act of misconduct is insufficient to support a CUTPA claim. The issue of whether a single act constitutes a CUTPA violation has yet to be resolved by the Connecticut Appellate Courts. Several Superior Courts have addressed this issue which has resulted in a split of authority. The majority of Superior Court decisions have held that a litigant does not have to allege more than a single transaction in order to bring a CUTPA cause of action. See RLG Assoc's Ltd. v. Gardner Peterson, 9 Conn. L. Rptr. 82, 83 (1993) Shaughnessy, J.); Levesque v. Kris Enterprises, 4 Conn. L. Rptr. 86 (1991) (Susco, J.); Metpath, Inc. v. IDS Corp., 3 Conn. L. Rptr. 349 (1991) (Aronson, J.); Ransom v. Amerlink Ltd., 3 Conn. L. Rptr. 382 (1991) (Dranginis, J.); Allison v. Widder, 1 Conn. L. Rptr. 461 (1990) (Ciofo, J.); Judge v. Housemaster of America, 2 CSCR 421 (1987) (Gill, J.); Student v. Cardascio, 2 CSCR 382 (1987) (Reynolds, J.); Connecticut Light Power Co. v. Paonessa, 2 CSCR 160 (1986) (Koletsky, J.); Thompson v. Colasanto, 2 CSCR 229 (1986) (Goldstein, J.). But see Duncan v. Burnside Motors, Inc.,2 CSCR 379 (1987) (O'Neill, J.) ("legislature was not considering an isolated event to allow `civilian attorneys general' to act to correct some business advice.").
This court will follow the well reasoned decisions of the majority of the Superior Courts and hold that a litigant does not have to allege more than a single transaction in order to bring a CUTPA cause of action. Thus, for all of the above reasons the sixth count of the plaintiff's complaint alleges a CUTPA cause of action against the defendants. Therefore the motion to strike the sixth count of the plaintiff's complaint is denied.
Accordingly, the defendants motion to strike counts one through six of the plaintiff's complaint is denied.
PICKETT, J.