[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 113
The plaintiffs, James Zeller, and Torrington Commercial Associates, commenced this action by writ, summons and complaint on August 11, 1992. The complaint was amended on five occasions and it is the fifth amended complaint that is the subject of the defendants motion to strike. The fifth amended complaint contains four counts. The first count is a claim of tortious interference with a business relationship. The second count incorporates the allegations of count one, and then contains allegations that the defendants violated the Connecticut unfair Trade Practices Act, CT Page 9947 General Statutes 42-110a, et seq. ("CUTPA"). The third count is a claim for vexatious litigation. The fourth count incorporates the allegations of count three, and also contains allegations that the defendants violated the Connecticut unfair Trade Practices Act, General Statutes 42-110a, et seq. ("CUTPA").
The fifth amended complaint is based on the defendants' actions in pursuing an application for a zone change on the plaintiffs' property, in light of their previous activities and, with respect to counts one and two, their knowledge of the plaintiffs' purchase and sale agreement with Conroy Development.
On March 29, 1992 the defendants filed a motion to strike the plaintiffs' complaint and attached thereto a supporting memorandum. On May 14, 1992 the plaintiffs' filed a memorandum in opposition to the defendants motion to strike and subsequently filed an amended memorandum in opposition on May 10, 1993. The defendants filed a supplemental memorandum in support of their motion to strike on August 9, 1993.
The motion to strike is provided for in Practice Book 151-158 and is the proper means by which to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). The motion to strike, "[l]ike the demurrer . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The sole inquiry at this stage is whether . . . the allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679 (1983). When considering a motion to strike the court is required to construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170, 544 A.2d 1185
(1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367, 370, 511 A.2d 336 (1986).
The first count of the fifth amended complaint purportedly alleges a claim for tortious interference with a business relationship. The third count of the complaint purportedly alleges a claim for vexatious litigation. Since these two counts involve kindred torts the first and third counts of the fifth amended complaint will be discussed simultaneously.
The defendants contend that the first count of the fifth amended complaint, tortious interference with a business CT Page 9948 relationship, is legally insufficient because the amended complaint fails to allege that the underlying proceeding was terminated in the plaintiffs' favor, and that the plaintiff has failed to adequately allege that any of the defendants acts complained of were "sham" proceedings. The defendants contend that the third count, vexatious litigation, is legally insufficient because the plaintiffs' fail to allege that the underlying proceeding was terminated in the plaintiffs' favor.
It is well recognized in this state that there exists a cause of action for tortious interference with contract rights and other business relations. See Blake v. Levy, 191 Conn. 257, 260,464 A.2d 52 (1983). "Every act of interference is not, however, made tortious." Id. In the terminology of the Restatement (Second) of Torts, the test is whether the actor's behavior is "improper."
In order to determine whether the specific acts alleged constitute tortious interference are improper, the court must weigh competing personal and community interests. See Blake v. Levy, supra, 262. Where the alleged impropriety arises out of previous litigation, the Supreme Court of our state has looked to, for guidance, the principles that have evolved to define the tort of malicious prosecution and vexatious litigation, "because those kindred torts also had to address the competing policies of deterrence of groundless litigation and protection of good faith access to the courts." Blake v. Levy, supra, 262-63.
Our Supreme Court has repeatedly held that a claim for vexatious litigation requires a plaintiff to allege that the previous litigation was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. See DeLaurentis v. New Haven, 220 Conn. 225, 248, 597 A.2d 807 (1991); Mozzochi v. Beck, 204 Conn. 490, 492, 529 A.2d 171 (1987); Blake v. Levy, supra, 263; Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982
(1978); Calvo v. Bartolotta, 112 Conn. 396, 397, 152 A. 311 (1930). In suits for vexatious litigation, it has been recognized to be sound policy to require the plaintiff to allege that the prior litigation terminated in the plaintiff's favor. Blake v. Levy, supra, 263. This requirement serves to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. Blake v. Levy, supra, 264, citing Raines Dairies v. Raritan Farms, Inc., 19 N.J. 552,565-66, 117 A.2d 889 (1955).
In Raines Dairies v. Raritan Farms, Inc., supra, the court CT Page 9949 disallowed a claim for malicious interference with the plaintiff's business that was grounded on an allegation of malicious institution of administrative proceedings against the plaintiff. To permit such a claim, the court reasoned, would defeat "the counter policy in favor of free access to judicial and quasi-judicial bodies. . . ." Raines Dairies v. Raritan Farms, Inc., supra, 563-66.
In the case at bar, construing the facts in the complaint most favorably to the plaintiffs', Gordon v. Bridgeport Housing Auth., supra, the fifth amended complaint does not allege that the plaintiffs' were parties to the underlying "proceedings". The fifth amended complaint is based on the defendants' actions in pursuing an application for a zone change on the plaintiffs' property. The proceeding that is alleged in the complaint is wholly between the defendants and the local zoning commission. Thus, the plaintiffs' were not parties to the underlying proceeding, which is a necessary element for a cause of action to terminate in the plaintiff's favor. Therefore, a termination in the plaintiffs' favor could not possibly have occurred. Accordingly, the plaintiffs' fifth amended complaint does not set forth the elements of a cause of action for tortious interference with a business relationship or vexatious litigation. Thus, the defendants motion to strike the first and third counts of the fifth amended complaint is granted.
As to the second and fourth counts of the plaintiffs' complaint — the CUTPA claims — the defendants contend that they are legally insufficient for two reasons, first, that the plaintiff has not alleged sufficient facts to establish a cause of action under CUTPA, because the the plaintiff has not alleged facts to establish that the defendants, either individually or as an expressive group, are engaged in trade or commerce. Second, that the second and fourth counts of the plaintiff's complaint are legally insufficient because those counts do not allege a consumer relationship between the plaintiff and defendant.
The Connecticut Unfair Trade Practices Act (CUTPA) was enacted by the Connecticut General Assembly in 1973, General Statutes Section 42-110a et seq. General Statutes Section 42-110b provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes Section 42-110a(4) defines "trade" or "commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other commodity, or thing of value in this CT Page 9950 state."
"CUTPA was designed by the legislature to put Connecticut in the forefront of state consumer protection." Heslin v. Connecticut Law Clinic of Trantolo Trantolo, 190 Conn. 510, 515, 461 A.2d 938
(1983). "The policy behind CUTPA is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices." Hernandez v. Monterey Village Assoc's Limited Partnership, 17 Conn. App. 421, 425, 553 A.2d 617 (1989). Therefore, "it strains credulity to conclude that CUTPA is so formless as to provide redress to any person, for any ascertainable harm, caused by any person in the conduct of any "trade" or "commerce." Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 725-26, ___ A.2d ___ (1993). Moreover,
 Although privity, in the traditional contractual sense of an exchange of consideration between the parties, may no longer be essential for standing under CUTPA, a claimant under CUTPA must posses at least some type of consumer relationship with the party who allegedly caused harm to him or her. CUTPA was, after all, enacted by the legislature to "put Connecticut in the forefront of state consumer protection. . . ." (Citation omitted).
Jackson v. R.G. Whipple, Inc., supra, 726-27.
In the case at bar, the plaintiffs' have not alleged a consumer relationship between the plaintiffs' and the defendants. The plaintiffs' merely allege that the defendants petitioned the local commissions and courts for relief against the plaintiffs' proposed developments. Therefore, the defendants motion to strike the second and fourth counts of the plaintiffs' fifth amended complaint is granted. Since the defendants motion to strike counts one through four of the fifth amended complaint is granted, this court need not address the issue of the sham doctrine at this time.
PICKETT, J. CT Page 9951