[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' MOTION TO STRIKE
On October 28, 1993, plaintiff Elias Jaser filed a two count complaint.[1] In the first count of the plaintiff's complaint, pertaining to a lease signed October 26, 1988, the plaintiff alleges that defendant Raymond Mansi failed to pay rent and owes $9,000.00 as back rent. In the second count of CT Page 1275-R the complaint, pertaining to a promissory note for $15,000.00, also executed on October 26, 1988, the plaintiff alleges that the defendant failed to make payments and owes $12,565.92. The defendant has filed an Answer, Special Defense and Counterclaim.
The third count of the counterclaim alleges that "the Plaintiff has violated the State Unfair Trade Practices Act as set forth in Connecticut General Statutes 42-110b." The defendant has filed an accompanying request for relief, the third request of which seeks attorneys' fees.
Plaintiff Elias Jaser has filed a Motion to Strike the Third Count of defendant Raymond Mansi's Revised Counterclaim of April 12, 1994, and the related claim for relief. As stated previously, the defendant in the Third count contends that the actions and inactions of the plaintiff constitute a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b, also known as CUTPA. In this Count defendant Raymond Mansi claims that he ". . . has sustained injuries including the intentional CT Page 1275-S or negligent infliction of emotional distress, and damages, all to his detriment." The defendant attributes the causes of his injuries and damages in part to an allegedly inadequate investigation of the parties' situation prior to the plaintiff's commencement of this law suit in which he is attempting to collect from the defendant unpaid rent and monies allegedly due on a promissory note.
Furthermore, the defendant attributes the plaintiff's alleged motives for personal gain and financial profit as impermissible causations for the former's injuries and damages. Moreover, the defendant's Third Count allegations include the claim that the plaintiff is abusing and misusing process by initiating and continuing this litigation.
As to the plaintiff's Motion to Strike the defendant's Third Count-CUTPA claim, "[t]he purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). A motion CT Page 1275-T to strike "tests the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. OldSaybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). In deciding a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the [non movant]." Novametrix Medical Systems, Inc. v. BOC Group,Inc., supra, 215. The court cannot assume any facts not alleged. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). Courts are to test motions to strike by "the facts provable under the allegations of the pleading to which the [motion to strike] is addressed" Fraser v.Henniger, 173 Conn. 52, 60, 376 A.2d 406 (1977); see King v.Board of Education, 195 Conn. 90, 93, 486 A.2d 1111 (1985). The motion to strike "does not admit legal conclusions."Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
CUTPA Claim
General Statutes § 42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or CT Page 1275-U deceptive acts or practices in the conduct of any trade or commerce." Section 42-110a(4) provides that "`[t]rade' and `commerce' means the . . . rent or lease . . . [or] the offering for . . . rent or lease . . . of any property, tangible or intangible, real, personal or mixed . . . in this state." To determine "whether a practice violates CUTPA" Connecticut "h[as] adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair[,]" that is whether the practice (1) "without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness"; (2) is "immoral, unethical, oppressive, or unscrupulous"; or (3) "causes substantial injury to consumers[,] competitors or other businessmen." Associated Investment Company LimitedPartnership v. Williams Associates IV, 230 Conn. 148, 155, ___ A.2d ___ (1994); see Daddona v. Liberty Mobile Homes Sales,Inc., 209 Conn. 243, 254, 550 A.2d 1061 (1988). "A practice may be unfair because of the degree to which it CT Page 1275-V meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.)Associated Investment Company Limited Partnership v. WilliamsAssociates IV, supra, 156. Generally, all three prongs of this so-called "cigarette rule" do not need to be satisfied.Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601,607, 602 A.2d 1062 (1992). The first one alone, however, is insufficient. A-G Foods, Inc. v. Pepperidge Farms Inc.,216 Conn. 200, 217, 579 A.2d 69 (1990).
The Court finds that the defendant's allegations are general in nature and that the defendant merely has stated legal conclusions without alleging any facts in support of his allegations. The defendant does not allege facts showing that the plaintiff's conduct violated public policy, was unfair, was immoral, or caused injury to him or others. The Court finds that the defendant's factual allegations are absent of any substance which would meet any prong of the cigarette rule, the three factors used to assess whether a practice violates CUTPA. Furthermore, even viewing the facts in the light most favorable to the defendant, there is nothing in the CT Page 1275-W defendant's counterclaim alleging more than one transaction. Even if the court were to find, as a general proposition, that a single transaction is sufficient to allege a CUTPA violation, the defendant's counterclaim does not allege that the plaintiff is in the trade or business of executing leases or promissory notes. Inasmuch as the court cannot assume facts not pleaded, the Court finds that the defendant has failed to state a claim upon which a CUPTA claim may be granted.
Attorneys' Fees Prayer for Relief
Under CUTPA, a plaintiff may receive reasonable attorneys' fees. General Statutes § 42-110g(d). The policy behind CUTPA of "encourag[ing] litigants to act as private attorneys general and bring[ing] actions for unfair or deceptive trade practices" is the reason for the attorneys' fees and costs provision. Hernandez v. Monterey VillageAssociates Limited Partnership, 17 Conn. App. 421, 425,553 A.2d 617 (1989) Awarding attorneys' fees under CUTPA is discretionary Gargano v. Heyman, 203 Conn. 616, 622, 525 CT Page 1275-X A.2d 1343 (1987). When a motion to strike a CUTPA claim is granted, however, "the motion to strike the request for . . . attorney's fees under CUTPA must of necessity be granted as well." Carloni v. Palumbo, Superior Court, judicial district of New Haven, Docket No. 31 95 42 (July 21, 1992, Maiocco, J.); see Stewart v. Staffieri, supra, Docket No. 035685S. Awards of attorneys' fees "are premised on the plaintiff['s] [CUTPA] claim" Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810,821, 610 A.2d 1312 (1992). "The moving party must prevail on the CUTPA cause of action before such fees . . . must be awarded." Id.
Inasmuch as the Third Count of defendant's Counterclaim is legally insufficient to support a violation of the Connecticut Unfair Trade Practices Act, the plaintiff's Motion to Strike the Third Count, as well as to strike the prayer for attorney's fees, is granted.
Clarance J. Jones, Judge