[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Suzanne Curry commenced this action against the defendants, Community Systems, Inc., R. Bobbie Andrighetti and Jane Hutton by writ, summons and complaint dated May 14, 1992. This complaint was revised on March 3, 1993 and contains seven counts. The first, third and fifth counts are directed against defendants Community Systems, Inc. and R. Bobbie Andrighetti and allege intentional misrepresentation, negligent misrepresentation and breach of contract respectively. The second, fourth and sixth counts are directed against defendants Community Systems, Inc. and Jane Hutton. These counts also allege intentional misrepresentation, negligent misrepresentation and breach of contract respectively.
The seventh count, which is the subject of the motion to strike purports to state a claim for wrongful discharge arising from the plaintiff's voluntary termination. Specifically, the seventh count contains allegations that the defendants failed to accurately and clearly inform the plaintiff of the job requirements, working conditions, functional level of the Wallens Hill Group Home residents. The seventh count further alleges that the defendants failure to provide the plaintiff with adequate training which resulted in the constructive discharge of the plaintiff was in breach of the employment agreement and violated the defendants own personnel policies as set forth in Community Systems Personnel Policy Manual. The seventh count also contains allegations that the constructive discharge of the plaintiff was wrongful and violated the important public policy set forth in General Statutes 17a-227
and State of Connecticut Department of Mental Retardation Regulations19a-467-9 et seq., in breach of the covenant of good faith and fair dealing. CT Page 8975
The defendants filed a motion to strike the seventh count of the plaintiff's complaint on April 12, 1993, because the seventh count fails to allege a claim for wrongful discharge. A supporting memorandum of law accompanied the defendants motion. The plaintiff filed a memorandum in opposition to the motion to strike on April 29, 1993, and on May 24, 1993 the defendants filed a supplemental memorandum in support of their motion to strike. This case was dismissed on the dormancy calendar in June 1993 and was reopened on August 30, 1993.
The motion to strike is provided for in Practice Book 151 — 158 and is the proper means by which to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike, "[l]ike the demurrer . . . admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in pleadings." Mingachos v. CBS Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The sole inquiry at this stage is whether . . . allegations, if proved, state a cause of action." Levine v. Sigel Hebrew Academy of Greater Hartford Inc., 39 Conn. Sup. 129, 132, 471 A.2d 679
(1983). In addition the court is required to construe the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Auth., 208 Conn. 161, 170,544 A.2d 1185 (1988). Facts necessarily implied and fairly provable are included. Norwich v. Silverberg, 200 Conn. 367, 370,511 A.2d 336 (1986).
The defendants, in their memorandum of law contend that the seventh count should be stricken because the plaintiff has failed to allege a claim for wrongful discharge. Specifically, that the plaintiff has not alleged a contract claim and that therefore her claim of a breach of the covenant of good faith and fair dealing has no basis. The defendants also contend that since the plaintiff was an at will employee, she is required to allege that the discharge violated an important public policy in order to state a legally sufficient cause of action based on wrongful discharge. The defendants contend that the plaintiff's theory that her constructive discharge was wrongful and violated the important public policy set forth in General Statutes 17a-227 and the State of Connecticut Department of Mental Retardation Regulations19a-467-9 is not sufficient to support a wrongful discharge claim. The plaintiff on the other hand contends that while the general rule does not bar an employee at-will from bringing an action based on wrongful discharge, the facts in the case at bar fall within the public policy exception to the general rule. CT Page 8976 Specifically the plaintiff contends that the defendants did not provide immediate training satisfactory to her, and therefore she was compelled to voluntarily terminate her employment. The plaintiff also contends that under such conditions the employer should be held responsible for an employees termination from employment.
The general rule in Connecticut is that employment at will contracts are terminable at will. Coelho v. Posi-Seal International,208 Conn. 106, 118, 544 A.2d 170 (1988). However, "[i]t would be difficult to maintain that the right to discharge an employee hired at will is so fundamentally different from other contract rights that its exercise is never subject to judicial scrutiny regardless of how outrageous, how violative of public policy, the employer's conduct may be." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 476, 427 A.2d 385 (1980). In Sheets, supra, the court recognized a cause of action in tort for wrongful discharge where a "former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original.) Sheets v. Teddy's Frosted Foods.[,] Inc., supra, 475.
 The issue then becomes the familiar common-law problem of deciding where and how to draw the line between claims that genuinely involve the mandates of public policy and are actionable, and ordinary disputes between employee and employer that are not. We are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation. We are, however, equally mindful that the myriad of employees without the bargaining power to command employment contracts for a definite term are entitled to a modicum of judicial protection when their conduct as good citizens is punished by their employers.
Sheets v. Teddy's Frosted Foods, Inc., supra, 477.
"Given the inherent vagueness of the concept of public policy, it is often difficult to define precisely the contours of the exception." Morris v. Hartford Courant Co., 200 Conn. 676, 680,513 A.2d 66 (1986). This court recognizes that public policy can be found in express statutory or constitutional provisions, or in judicially conceived notions of public policy. See Morris v. Hartford Courant Co., supra. Of course, while certain actions may abrogate public policy, not every act in derogation of a general statute, nor all conduct contrary to the common law, rises to the CT Page 8977 level of a violation of an important public policy.
In the case at bar, the plaintiff has alleged that defendant's actions, the lack of adequate training, compelled the plaintiff to voluntarily terminate her employment and therefore the employer should be held responsible for her termination. The allegations in the plaintiff's complaint do not rise to the level of a violation of an important public policy, especially since the plaintiff terminated her own employment. See Wysocki v. Norden Systems Inc.,2 Conn. L. Rptr. 545, 546 (October 12, 1990, Fuller, J.) (where claims of harassment by the employer forcing the employee to terminate her employment did not rise to the level of a violation of an important public policy.). Until the legislature or the supreme court finds otherwise, the superior court should not undermine the well established principle that an employee at will is terminable at will. See Wysocki v. Norden Svstems. [Systems,] Inc., supra, 546.
Moreover, the policy in favor of providing employees at will with a modicum of judicial protection was an impetus for the recognition of the public policy exception and is not in and of itself sufficient to state a cause of action for wrongful discharge under such exception. Additionally, the policy of good faith and fair dealing is also insufficient to state a cause of action for wrongful discharge under the public policy exception. "Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right." Magnan v. Anaconda Industries, Inc., 193 Conn. 558,572, 479 A.2d 781 (1984). In Magnan, the court declined to "transform the requirement of good faith into an implied condition that an employee may be dismissed only for good cause." Id. 571. An employee at will must still show that his discharge involves a violation of an important public policy. Id., 572.
For the reasons stated, the defendants motion to strike the seventh count of the plaintiff's complaint is granted.
Pickett, J.