[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE: DEFENDANT'S MOTION TO STRIKE
The instant case arises from an employment contract in which the plaintiff was hired by the defendant, and, as a condition of employment, purchased shares of the defendant's stock on the premise that if he wished to sell the stock the corporation would buy it back.
The plaintiff brought a seven-count complaint, the last of which is a claim under General Statutes section 42-110b ("CUTPA"). The defendant moves to strike the seventh count on the grounds that CUTPA does not apply to employee/employer relations and to the purchase and sale of securities. CT Page 721
As a preliminary matter the court recognizes that the present motion is the same as one which was denied by the court (Ballen, J.) for failure to comply with Practice Book section 154. The plaintiff argues that the defendant must now file an answer and should not have a second opportunity to file the motion. However, the plaintiff cites no authority for this proposition and research reveals no such authority. Therefore, the court addresses the motion on its merits.
A motion to strike may be used to test the legal sufficiency of a complaint or any count therein to state a claim upon which relief can be granted. Practice Book sec. 152(1); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Furthermore, the motion to strike is the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or cross-claim, or any part of that answer including any special defense contained therein. . . ." Practice Book sec. 152(5): see also Passini v. Decker, 39 Conn. Sup. 20, 21, 467 A.2d 691 (1983). All well pleaded facts in a contested pleading are deemed admitted, and should be construed in a light most favorable to the non-moving party. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). When considering a motion to strike "`[t]he allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them; and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.) Ferryman v. Groton, supra.
General Statutes section 42-110b provides, in pertinent part, that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes section 42-110b (a) "The policy behind CUTPA is to encourage litigants to act as private attorneys general and to bring actions for unfair or deceptive trade practices." Hernandez v. Monterey Village Associates Limited Partnership,17 Conn. App. 421, 425, 553 A.2d 617 (1989). CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 354, 525 A.2d 57 (1987).
CUTPA does not apply "to the sale of securities because such transactions are: (1) explicitly subject to a different and specifically applicable statutory remedy; and (2) they [are] not among the types of transactions to which the Federal Trade Commission Act (FTC Act) has been applied." Connelly v. Housing CT Page 722 Authority, 213 Conn. 354, 361-62, 567 A.2d 1212 (1990), citing Russell v. Dean Witter Reynolds, Inc., 200 Conn. 172, 175-84,510 A.2d 972 (1986). Nor does CUTPA apply to disputes arising under the employee/employer relationship since "the employer-employee relationship does not fall within the definition of trade or commerce for purposes of an action under CUTPA." Quimby v. Kimberly Clark Corporation, 28 Conn. App. 660, 670, 613 A.2d 838 (1992), citing Banerjee v. Robert, 641 F. Sup. 1093 (D.Conn. 1986). Therefore, any claims for violations of CUTPA based upon either the employment relationship or the purchase or sale of securities are legally insufficient.
In opposition to the defendant's motion to strike the plaintiff asserts that even if CUTPA does not apply to the employment relationship or to the purchase or sale of securities, the seventh count alleges facts which do not relate to either the employment relationship or the sale of securities. However, the seventh count incorporates all of the allegations of the first six counts. The plaintiff alleges that there was an employment contract under the terms of which he purchased $80,000 worth of CTI stock; as an additional term of the contract, he received 700 shares of stock in consideration of his employment and a $13,000 loan to CTI; there was an agreement between the parties that if the plaintiff wanted to sell the shares that the defendant would purchase the stock; and the defendant refused to purchase the shares upon notice by the plaintiff of his intent to sell.
The plaintiff further alleges that the $93,000 paid in exchange for the 2700 shares of stock constituted a loan which was due and owing upon the plaintiff's termination of employment. It is this allegation that the plaintiff asserts is within the scope of CUTPA. However, the seventh count alleges that the $93,000 was paid in accordance with the terms of the employment contract. It that sum constituted a loan, the loan was then made pursuant to the contract. Thus, the plaintiff fails to allege any facts which fall outside the scope of the employment relationship or the purchase and sale of securities, such that CUTPA would apply.
For the foregoing reasons, the defendant's motion to strike the seventh count is granted.
Leheny, J. CT Page 723