[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The plaintiff, Joseph P. Chila Jr., has filed an action against the defendants, Christopher Chila and Tri-State Installations Corp., sounding in breach of contract, breach of fiduciary duty, fraud, and violation of CUTPA. The plaintiff CT Page 4377 alleges that, at the time Tri-State Installations was incorporated, the defendant, as incorporator, agreed to give the plaintiff an ownership interest in the company in return for the plaintiff's continued employment and services. The plaintiff further alleges that this agreement was ratified by the corporation, but was breached by the defendants' failure to list the plaintiff as a director or shareholder, or transfer any stock to the plaintiff.
The defendants filed a motion to strike counts two and four of the plaintiff's revised complaint on the ground of legal insufficiency. The parties agreed to strike count two at a hearing on January 3, 1995, which was granted by the court, leaving only the issue of the sufficiency of the allegations of the fourth count, the CUTPA violation.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S. Textile v. Brown. Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796.631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
The defendants argue that CUTPA does not apply to intra-business activities. The plaintiff argues that CUTPA is to be liberally construed.
The criteria used to determine whether certain practices violate CUTPA are "(1) [w]hether the practice, without necessarily having been considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or CT Page 4378 competitors or other businessmen)." (Internal quotation marks omitted.) Associated Investment Co. Ltd. Partnership v. WilliamsAssociates IV, 230 Conn. 148, 155, 645 A.2d 505 (1992). Furthermore, "a claimant under CUTPA must possess at least some type of consumer relationship with the party who allegedly caused harm to him or to her." Jackson v. R.G. Whipple, Inc., 225 Conn. 705,727, 627 A.2d 374 (1993). "General Statutes § 42-110b(a) provides that `[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.' General Statutes § 42-110a(4) defines `trade' and `commerce' as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." Quimby v. KimberlyClark Corp., 28 Conn. App. 660, 670, 613 A.2d 838 (1992).
The plaintiff alleges that the defendants agreed to transfer ownership in the corporation to him in return for his continued employment and services; however, the Appellate Court has determined that employer-employee relationships do not fall within the definition of trade or commerce for purposes of an action under CUTPA. Id. Furthermore, Superior Courts have taken the view that CUTPA does not apply to: employer/employee relations and to the purchase and sale of securities; Klachkin v. CTI Electronics Corp.,8 CSCR 116 (January 4, 1993, Leheny, J.); the internal business affairs and workings of partnerships; Lapuk v. Simons, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 704542 (January 3, 1995, Corradino, J.); Chester v.Schatz Schatz, Ribicoff Kotkin, 6 Conn. L. Rptr. 526 (June 3, 1992, O'Neill, J.); Heller v. North American Rock Co.,3 Conn. L. Rptr. 215 (February 6, 1991, Lewis, J.); intracompany disputes among shareholders; Perrotti v. Knox, Superior Court Judicial District of New Haven, docket No. 321073 (December 29, 1992, Thompson, J.); disputes between officers and shareholders; Haley v.Marketing Corporation, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 128067 (June 17, 1993, Rush, J.); Jesperson v. Ponichtera, 4 CSCR 793 (October 17, 1989, Lewis, J.); or to participants in a joint venture. St. RaphaelHealthcare v. Temple Med. Hotel Mgmt., Superior Court, Judicial District of New Haven at New Haven, Docket No. 341662 (May 19, 1994, Fracasse, J.).
The plaintiff's allegations involve the formation of a corporation, a dispute over ownership of the corporation, and an CT Page 4379 employer-employee relationship. There are no allegations that the dispute involves any trade or commerce, or that the plaintiff has suffered a consumer injury. Accordingly, the defendants' motion to strike count four of the plaintiff's revised complaint is granted. The defendants' motion to strike the portion of the prayer for relief based upon the CUTPA claim asking for punitive damages and attorney's fees is also granted.
D'ANDREA, J.